Chief Judge Fuld.
Onondaga County Water Authority (hereafter referred to as the appellant) is a public benefit corporation, with power under the Public Authorities Law (§ 1154, subd. 17) to regulate the rates charged by it for the use of water which it supplies to private customers and to water districts, villages and the like. In August of 1966, it increased by 64% the water rates of two of its corporate customers, the petitioner Village of iSolvay and the petitioner Lakeland Water District.
Charging that they regarded the increase as “ excessive, arbitrary and capricious, ’ ’ the petitioners brought these article 78 proceedings in the Supreme Court to set aside the rates fixed and have the appellant “promulgate” those which are fair and reasonable. They also sought orders (1) for the examination of the appellant’s officers, employees and records and (2) for a hearing to review the “ evidence to be submitted” as to the excessiveness of the rates. The appellant submitted an answering affidavit in opposition in which it claimed, among other things, that the Supreme Court lacked jurisdiction of the proceedings.
By a single order Justice Peterson at Special Term granted each of the petitioners’ motions for an examination—“upon five (5) days ’ notice ’ ’ — and a hearing —on “ ten days ’ notice ’ ’ —■ and the Appellate Division unanimously affirmed the resulting orders. However, in its decision, which was made a part of its order, the Appellate Division concluded that an article 78 proceeding was not the proper procedure to employ. Nevertheless, it went on to hold that its “ inapplicability * * * is not fatal to the proceeding ” and that, by reason of CPLB. 103 (subd. [c]), the court once having obtained jurisdiction over the parties, was authorized to treat the proceeding as an action for a declaratory judgment.
We may quickly dispose of the appellant’s contention that the Supreme Court lacks jurisdiction of these proceedings. In the first place, subdivision 1 of section 1154 of the Public Authorities Law provides that the appellant may ‘ ‘ sue and be sued ’ ’ and *406 does not restrict the judicial forum available to it. In addition, we have often reviewed appeals in cases in which the Supreme Court, in contradistinction to the Court of Claims, has assumed jurisdiction over controversies involving public authorities, such as the present appellant, which provide municipal services in a limited geographical area. (See, e.g., Swan Lake Water Corp. v. Suffolk County Water Auth., 20 N Y 2d 81, affg. 25 A D 2d 542; see, also, Town of Amherst v. Niagara Frontier Port Auth., 19 A D 2d 107,110-111; cf. Benz v. New York State Thruway Auth., 9 N Y 2d 486, cert. dsmd. 369 U. S. 147.) The Thruway Authority, on the other hand —the State agency involved in the Bens case upon which the appellant relies (9 N Y 2d 486, supra) —is State-wide in its operations, and section 361-b of the Public Authorities Law confers upon the Court of Claims exclusive jurisdiction over it in tort and specified contract actions. It is, therefore, in a very different class from public authorities such as the appellant.
This brings us to the question of the propriety of an article 78 proceeding to resolve the present controversy. It is to be noted, preliminarily, that the Appellate Division’s affirmance of Special Term’s orders granting the inspection and hearing did not transform the petitioners’ article 78 proceeding into a declaratory judgment action. Since the order is clearly non-final, it is properly before us by our permission only as an order in a proceeding brought pursuant to article 78.[1] However, we may properly consider the questions posed by the Appellate Division’s decision even if we conclude that an article 78 proceeding is here inappropriate. Having jurisdiction of the appeal by virtue of our grant of leave under CPLR 5602 (subd. [a], par. 2), the court may go further and consider whether the Appellate Division was correct in deciding that, under CPLR 103 (subd. [c]), Special Term should have treated the suit as an action for a declaratory judgment. If we decide that such an action does lie, we may then proceed to consider the further question as to the propriety of the orders for an examination and a hearing.
*407 An article 78 proceeding, it is settled, may not be utilized to review legislative action (see Matter of Southern Dutchess Country Club v. Town Bd. of Town of Fishkill, 18 N Y 2d 870; Matter of Paliotto v. Cohalan, 8 N Y 2d 1065; Matter of Neddo v. Schrade, 270 N. Y. 97, 102-103; People ex rel. Trustees v. Board of Supervisors, 131 N. Y. 468, 471; Matter of Brent v. Hoch, 13 A D 2d 505), and an order of an administrative agency fixing rates is deemed a legislative act, at least where no provision has been made for notice and a hearing. (See, e.g., Matter of Northwestern Nat. Ins. Co. v. Pink, 288 N. Y. 359, 362; People ex rel. Village of Mamaroneck v. Public Serv. Comm., 238 N. Y. 588, affg. Matter of Village of Mamaroneck v. Public Serv. Comm., 208 App. Div. 330, 337; Town Bd. of Town of Poughkeepsie v. City of Poughkeepsie, 22 A D 2d 270, 275.) Where, however, notice and a hearing are prescribed by statute, the courts have consistently held that rate-making orders, such as those, for instance, of the Public Service Commission, are ‘ ‘ judicial ’ ’ in the sense that they are .reviewable by certiorari or a proceeding in the nature of certiorari. (See People ex rel. Central Park, North & Fast R.R. Co. v. Willcox, 194 N. Y. 383, 386; People ex rel. Consolidated Water Co. v. Maltbie, 275 N. Y. 357, 369-370, app. dsmd. 303 U. S. 158; see, also, Jaffe, Administrative Law [1953], p. 496.)[2]
In the present case, the applicable provisions of the Public Authorities Law (§ 1150 et seq.) not only make no provision for notice or hearing but expressly provide that “Neither the public service commission nor any other board or commission of *408 like character, shall have jurisdiction over the authority in the management and control of its properties or operations or any power over the regulation of rates fixed or charges collected by the authority ” (§ 1153, subd. 6). 'Since, then, there is no provision for a quasi-judicial proceeding to review the appellant’s rate-making determination, it must be deemed a legislative act not subject to article 78 review.
The petitioners are not, of course, remediless. They may challenge rate increases made by the Authority on any of the grounds open to judicial review of quasi-legislative decisions, namely, that the appellant acted in disregard of statutory standards, in excess of its grant of authority, in violation of due process or in a discriminatory manner. They may also attack the constitutionality of the statute delegating power to act. (See Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 183; Matter of Barry v. O’Connell, 303 N. Y. 46, 52; Matter of New York Edison Co. v. Maltbie, 244 App. Div. 685, 687, affd. 271 N. Y. 103.)
Having concluded that an article 78 proceeding is not available, we must decide whether dismissal may be avoided, as the Appellate Division decided, under CPLR 103 (subd. [e]) by treating the proceeding as an action for a declaratory judgment.[3]
As indicated above (supra, pp. 405-406), there is no doubt that the Supreme Court had jurisdiction of this proceeding and that it is a “civil judicial proceeding” within the meaning of the statute. (See, e.g., Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34, 41.) This being so, the proceeding should not be dismissed because “it [was] not brought in the proper form” (CPLR 103, subd. [c]; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 103.08, p. 1-49; see, also, Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34,41, supra). A declaratory judgment action is unquestionably a ‘ ‘ proper procedure ’ ’, to use the phrase employed by Weinstein-Korn-Miller (loc. cit.), to review a' quasi-legislative act of an administrative agency such as the present. (See Walsh v. New York State Liq. *409 Auth., 45 Misc 2d 827, 831, revd. on other grounds, 23 A D 876, affd. 16 N Y 2d 781; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 500, 501; see, also, 3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3001.06j, p. 30-24.)
As noted, the petition alleges in part that the 64% increase in rates imposed was 1 ‘ excessive, arbitrary and capricious ’ ’ and the petitioners are now urging, in addition, that the rates are “ discriminatory.” A motion to amend their pleadings to include such a charge is .still open to them (CPLR 3025, subd. [a]). Certainly, such allegations are sufficient to support a cause of action for a declaratory judgment, and it may not be said, as a matter of law, that the assertion of a 64% increase in water rates does not afford a predicate for a determination of arbitrariness and discrimination. The pleadings are to be read and construed liberally (CPLR 3026) and, if the appellant desires additional light, it may demand a bill of particulars (CPLR 3041) or obtain “ disclosure ” of necessary information and evidence (CPLR 3101, 3102; see, e.g., Allen v. Crowell-Coilier Pub. Co., 21 N Y 2d 403). There was ample warrant, then, for the refusal to dismiss the pleading.
Nor is there any basis for denying each petitioner a right to examine the appellant’s officers, employees and records. However independent and autonomous in its functions and operations, the appellant is an agency of the State (see, e.g., Glassman v. Glassman, 309 N. Y. 436, 440-441; Pantess v. Saratoga Springs Auth., 255 App. Div. 426, 427) and, whenever the State or one of its agencies is a proper party to an action, its officers and employees, as well as its records, are subject to examination and disclosure “ as if the state were a private person ” (CPLR 3102, subd. [f])[4] and “ in the same manner as a private litigant ”. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.26; see, also, CPLR 1303.) There is no special time for seeking disclosure or an examination and it may be obtained without court order (CPLR 3102, .subds. [b], [c]; see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3102.05, 3102.06), *410 except, in specified instances—for instance, when it is desired before “ an action is commenced ” (CPLR 3102, subd. [c]; see, also, CPLR 3106, subd. [a]). Accordingly, the order authorizing an examination of the appellant’s officers, employees and records “ on five (5) days’ notice ” was proper.
However, the order granting a hearing is in a somewhat different category. Actually, the petitioners are seeking a trial of the issues. Although, as we have seen, disclosure may be had at any time, it is, of course, essential that issue be joined before a trial or hearing may be held (CPLR 3402). In the case before us, the appellant has not yet served its answer. Its self-styled “ opposing affidavit ” in support of its request that the petition be dismissed is, in effect, a motion to dismiss. The court denied the motion and thereby accorded the appellant a right to interpose an answer (CPLR 3211, subd. [f]; 7804, subd. [f]). Consequently, Special Term’s order, insofar as it granted the petitioners’ request for a “hearing” on 10 days’ notice was premature; the appellant must be given an opportunity to answer as well as make any motion addressed to the petitioners’ pleadings which it deems advisable.
The order appealed from should be modified, by reversing so much thereof as grants the petitioners-respondents ’ motion for a hearing on 10 days’ notice and, as so modified, affirmed, without costs.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.

. More specifically, our court may grant leave to appeal from a ncnfinal order of the Appellate Division only “in a proceeding instituted by or against * ** * a board * “ * or other body of public officers ”. (CPLR 5602, subd. [a], par. 2; see, e.g., Matter of Luftig v. Peterson, 20 N Y 2d 648.)

. In contrasting “ judicial ” and “ legislative ” administrative orders, Professor Jaffe has written (Administrative Law, loc. cit., p. 496):
“ The history of this restriction on the issuance of certiorari and the manner in which it is applied seems to indicate that it is largely a device for excluding review prematurely; thus the court considers that it may he inadvisable to hold up an entire improvement scheme before its burden is felt by any specific individual. The individual property right can be sufficiently protected in a later proceeding. The expansion and the contraction of the writ is by this device largely in the control of the court. The name ‘ certiorari ’ has been abolished but its substance remains, i.e., review in the Appellate Division of the Supreme Court on the administrative record. And it has now come to be the rule that, where the statute requires an administrative hearing, this is the appropriate form of review. ” Certainly, review by certiorari would be improper in the present case where there has been no hearing, and the statute does not provide for one.

. CPLR 103 (subd. [c]) recites: “ Improper form. If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not 'brought in the proper form, but the court shall make whatever order is required for its proper prosecution.”

. CPLR 3102, subdivision (f), recites: “Action to which state is a party. In an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending and except further that it may not include interrogatories or requests for admissions.”