In the Matter of BROADACRES SKILLED NURSING FACILITY et al., Appellants, v HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.

Third Department, March 4, 1976

*Donald E. Keinz, County Attorney (Stephen D. Gerling* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (John M. Dufur* and *Ruth Kessler Toch* of counsel), for respondents.

LARKIN, J. This action, originally brought as an article 78 proceeding, sought a review of the action of the Commissioner of Health fixing the 1974 Medicaid reimbursement rate for appellant's facility and declaratory judgment determining that the commissioner enacted certain arbitrary and capricious regulations in violation of the authority granted by the Public Health Law.

Subdivision 3 of section 2807 of the Public Health Law established certain guidelines for Medicaid reimbursement to be used by the State and mandated, *inter alia,* that the commissioner consider "the elements of cost". The commissioner was given the authority to promulgate regulations to establish reimbursement rates (Public Health Law, § 2803, subd 2, par [b]). The regulations divide facilities according to their sponsor; proprietary, voluntary and public (10 NYCRR 86.13 [a]), and further provide that "[w]here one group contains an insufficient number of medical facilities needed to establish a reimbursable ceiling, such institutions shall be considered as part of another comparable group" (10 NYCRR 86.13 [b]).

Appellant, a public hospital, was grouped with voluntary hospitals because "the Commissioner found that there were great disparities in the accounting procedures used by public homes in reporting their operational costs to the Department of Health". Categorizing the appellant as a voluntary rather than a public facility has the effect of not considering, in the determination of average cost, certain statutorily mandated pension and retirement benefits and thus, the appellant alleges, the regulation violates the commissioner's statutory authority (Public Health Law, § 2807, subd 3). In the alternative appellant urges that the application of that regulation was arbitrary and capricious.

At the outset, we determine that Special Term was correct

in treating the proceeding as an action for declaratory judgment. An article 78 proceeding may not be utilized to review legislative action, and an order of an administrative agency fixing rates is deemed a legislative act, at least when no provision has been made for notice and hearing *(Kovarsky v Housing & Development Admin. of City of N. Y.,* 31 NY2d 184; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400; *Matter of Severino v Ingraham,* 45 AD2d 564). Although a hearing can be had in the discretion of the commissioner, the statute in question contains no provisions for notice or a hearing.

Special Term declared that the challenged regulation (10 NYCRR 86.13 [b]) was valid. We agree. The Court of Appeals has stated that the commissioner's "determination arrived at by a broad application of specific statutory terms is not to be disturbed if it has a reasonable basis and is not arbitrary or capricious" *(Matter of Sigety v Ingraham,* 29 NY2d 110, 114). If a specific group of facilities contains too few institutions to allow the calculation of a meaningful reimbursement rate, the regulation in issue allows the institutions to be grouped with others similarly situated. This is not in conflict with the statutory requirement that the reimbursement rates be reasonably related to costs; to the contrary, it is merely the prudent application of statistical method. The regulation is reasonably related to the statutory goals and is valid.

It has heretofore been determined that the commissioner need only reimburse nursing facilities at a rate that is reasonably related to the costs of the services performed and need not reimburse for actual costs (Public Health Law, § 2807; *Matter of Sigety v Ingraham, supra).* The commissioner, by promulgating subdivision (a) of section 86.13 of the regulations, has clearly decided that reasonable reimbursement should be based on the character of the ownership of the facility. The only exception occurs when there are statistically insufficient numbers within a given group (10 NYCRR 86.13 [b]).

In the instant case, the commissioner has interpreted this exception to apply to the appellant. It is clear, however, that this was done not for a lack of statistically sufficient numbers, but because of difficulties in accounting procedures. While it is unquestioned that the commissioner must be given great latitude in the interpretation of his own regulations, he should not be allowed to interpret one regulation (10 NYCRR

86.13 [b]) in a manner inconsistent with the entire regulatory and statutory scheme (10 NYCRR 86.13 [a]; Public Health Law, § 2807). Nor should he be allowed to apply a regulation to a party when the plain and unambiguous language therein gives the regulated entity no notice that the regulation may apply.

The commissioner has determined that facility ownership is a critical consideration to be ignored in only one instance. That exception is not involved here and the commissioner should be bound by his prior judgment. The application of the regulation in question to the appellant was arbitrary and capricious.

It is also worthy of note that the State claims that if the appellant succeeds, the State could reimburse at a lower rate. Assuming this to be true, it is difficult to understand why the State is taking a position that would cost it more, rather than less money.

The judgment should be modified, on the law and the facts, by striking the second decretal paragraph thereof and by substituting therefor the following: subdivision (b) of section 86.13 of title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York is not violative of the authority granted to the Commissioner of Health pursuant to subdivision 3 of section 2807 of the Public Health Law but the commissioner's application of the regulation to the petitioner was arbitrary and capricious; matter remitted to the Commissioner of Health for the purpose of setting the 1974 Medicaid reimbursement rate for the petitioner, and, as so modified, affirmed, without costs.

GREENBLOTT, J.P., MAIN, HERLIHY and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by striking the second decretal paragraph thereof and by substituting therefor the following: subdivision (b) of section 86.13 of title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York is not violative of the authority granted to the Commissioner of Health pursuant to subdivision 3 of section 2807 of the Public Health Law but the commissioner's application of the regulation to the petitioner was arbitrary and capricious; matter remitted to the Commissioner of Health for the purpose of setting the 1974 Medicaid reim-

bursement rate for the petitioner, and, as so modified, affirmed, without costs.