■  In the Matter of SALEM INN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of respondent, dated August 10, 1976, as, after a hearing, (1) adopted the findings of the hearing officer that the petitioner had (a) violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that it suffered or permitted the licensed premises to become disorderly on two occasions by suffering or permitting a lewd and indecent performance, and (b) falsely represented, in connection with its 1975–1976 renewal application, that no physical changes had been made to the licensed premises since the issuance of the original license, except those authorized by the State Liquor Authority, and (2) canceled petitioner's license, with a bond claim of $1,000. Petition granted to the extent that the determination is modified, on the law, by annulling (1) the finding of guilt as to the charges of suffering or permitting the licensed premises to become disorderly, and (2) the penalties imposed. As so modified, determination confirmed insofar as reviewed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to respondent for imposition of a new penalty in accordance with the modified determination. The testimony of the two investigators indicated that, in a total viewing time of three hours, the dancers performed actions which were allegedly lewd and indecent for a total of no more than one minute and, perhaps, as little as 12 seconds. The two investigators disagreed as to whether these particular actions were integral parts of the dance. The testimony of the investigators established that there was no contact between the performers and the patrons of the premises and that there was no unusual conduct among the patrons themselves. Under these circumstances, we do not believe that respondent's determination that petitioner had permitted or suffered the licensed premises to become disorderly was supported by substantial evidence on the record as a whole. We do find that the determination of respondent that petitioner made a false statement in its 1975–1976 renewal application is supported by substantial evidence. It is undisputed that said renewal application contained the statement that no unauthorized alterations of the premises had occurred since the original application, when, in fact, a stage had been installed some five years previous to the hearing, for the purpose of allowing the dancers to perform. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.