See also, D.C., 408 F.Supp. 852.

**SALEM INN, INC., Plaintiff,**

**v.**

**Louis J. FRANK, Individually and as Police Commissioner of Nassau County, and Michael Roth, Individually and as Chairman of the New York State Liquor Authority, Defendants.**

**No. 75 C 2136.**

United States District Court,
E. D. New York.

June 3, 1977.

Herbert S. Kassner, New York City (Kassner & Detsky, New York City, of counsel), for plaintiff.

A. Seth Greenwald, Asst. Atty. Gen., State of New York, New York City, for Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, pro se pursuant to Executive Law § 71.

Martin P. Mehler, State Liquor Authority, New York City (Warren B. Pesetsky, New York City, of counsel), for defendant Roth.

Before GURFEIN, Circuit Judge, and BARTELS and PRATT, District Judges.

GURFEIN, Circuit Judge:

Salem Inn, Inc. owns a tavern which, under a New York State license, purveys liquor together with nude entertainment. It has engaged in a long fight to protect its livelihood, employing with skill all the weapons in the arsenal of the First and Fourteenth Amendments bag. It has won and lost. It still pursues its cause with vigor.

In this action brought under 42 U.S.C. § 1983 in December, 1975, Salem Inn seeks an order (1) declaring Section 106(6) of the Alcoholic Beverage Control Law of the State of New York ("ABC Law") unconstitutional; [1] (2) declaring that subdivisions (r) and (s) of Section 53.1 of Part 53 of Subtitle B of Title 9 of the Official Compilation of Codes, Rules and Regulations of the State of New York (also known as State Liquor Authority ("SLA") Rule 36) [2] are unconsti-

---

**1.** Alcoholic Beverage Control Law § 106(6) provides in part that:

"No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly. . . . "

**2.** 9 N.Y.C.R.R. § 53.1(r) and (s) provide in pertinent part:

"Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes:

"(r) For suffering or permitting on licensed premises (1) any lewd or indecent conduct or (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulation thereof.

"(s) For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the aureola, or any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed at least six feet from the nearest patron."

These regulations were adopted after the decision of the New York Court of Appeals in *Matter of Beal Properties, Inc. v. SLA*, 37 N.Y.2d 861, 378 N.Y.S.2d 43, 340 N.E.2d 476 (1975).

tutional; (3) enjoining the SLA, pending the determination of the declaratory judgment action, from revoking the liquor license held by the plaintiff; and, finally, granting plaintiff such temporary relief as may be appropriate under 28 U.S.C. §§ 1343, 2201, 2281 and 2284.

On October 7, 1975, the SLA started proceedings under the legislative authority of §§ 118 and 119 of the Alcoholic Beverage Control Law (McKinney's Supp. 1975–76) ("ABC Law") to revoke plaintiff's liquor license on the ground that the plaintiff had violated § 106(6) of the ABC Law in permitting its premises to become "disorderly" on June 17, June 20 and June 24, 1975 by allowing lewd and indecent performances on its premises.[3] It was alleged further as a ground for revocation that Salem Inn had altered the premises without approval by the SLA some five years before. Finally, it was charged that the Inn had failed to disclose this in its last license renewal application in violation of Rule 36.1(b) of the Liquor Authority, 9 N.Y.C.R.R. § 53.1(b).[4]

While the State revocation proceeding was pending, plaintiffs brought this federal action in December 1975 for the relief described above.

At the request of the plaintiff, Judge John R. Bartels determined that this three-judge District Court should be convened, but, in a reasoned opinion, he refused to issue a restraining order. The revocation of license proceeding resulted in a decision by the SLA revoking the liquor license of the plaintiff. The plaintiff there upon petitioned the Appellate Division of the New York Supreme Court, Second Department, under Article 78 of the Civil Practice Law and Rules to review the action of the SLA as provided in ABC Law § 121(4) on both constitutional and non-constitutional grounds. The revocation was stayed by the state court pending the determination.

In its petition for review to the Appellate Division, Salem Inn raised the federal constitutional claim that the statute pursuant to which its license was revoked, Section 106, Subdivision 6 of the ABC Law, violates the First and Fourteenth Amendments in that, *inter alia*, it is vague and overbroad, as applied to dance, whose expression is presumptively protected by the First Amendment, including non-obscene dancing in licensed premises. It is also alleged that the unbridled discretion vested in administrative officers thereby "chills" the exercise of First Amendment rights. As further refinements it alleged that the "disorderly premises" charge had been sustained by reason of "mere nudity," not amounting to "obscenity or lewdness"; and that there was insufficient evidence to make the determination of obscenity which is necessary to invoke sanctions against expression presumptively protected by the First Amendment. No challenge was made to the constitutionality of Rule 36 which was not an issue in the SLA proceeding.

In a decision handed down on January 17, 1977, the Appellate Division "annull[ed]

---

**3.** The SLA started its suit to revoke the license before a significant amendment to its regulations had been promulgated, the history of which is as follows. The New York Court of Appeals decided on October 21, 1975 (two weeks after the revocation proceeding against Salem Inn was begun) that "absent a regulation by the agency giving notice that conduct not lewd or indecent per se was proscribed, a sanction could not be imposed" for violating § 106(6) of the ABC Law for allowing performances by nude female dancers. *Matter of Beal Properties, Inc., supra* note 2, 37 N.Y.2d at 862, 378 N.Y.S.2d 43, 340 N.E.2d 476. The SLA, on December 3, 1975, promulgated Rule 36 which prohibits certain forms of topless and bottomless dancing on licensed premises which are not necessarily lewd or indecent.

The charges against the plaintiff were never amended by the SLA to include an alleged violation of Rule 36. *See* note 2, *supra*. .

**4.** Rule 36.1(b), 9 N.Y.C.R.R. § 53.1(b) provides in pertinent part:

"Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes:

"(b) Fraud, misrepresentation, false material statement, concealment or suppression of facts by the licensee or permittee in connection with an application for a license or permit or for the renewal thereof, or in connection with an application for the removal of licensed premises, or an application for the alteration of licensed premises. . . . . "

. . . . the finding of guilt as to the charges of suffering or permitting the licensed premises to become disorderly," on the ground that it was not supported by substantial evidence on the record as a whole. *In the Matter of Salem Inn, Inc. v. New York State Liquor Authority,* 55 A.D.2d 913 (2d Dep't), 390 N.Y.S.2d 446 (1977). The court therefore had no occasion to reach any of plaintiff's constitutional attacks on § 106(6). The Appellate Division did, however, uphold the charge that the Inn made a false statement in its 1975–76 renewal application. The court therefore annulled the revocation pursuant to § 106(6), but remitted the matter to the SLA "for imposition of a new penalty" pursuant to Rule 36.1(b). Leave has been granted to appeal this decision of the Appellate Division to the New York Court of Appeals.

 Subsequent to the SLA's decision, but prior to the decision of the Appellate Division, this three-judge court was convened, the parties submitted briefs, and this court heard oral argument. No testimony has been taken in the federal action, nor has anything further occurred. In their briefs and oral argument, the State of New York and the Liquor Authority stressed the Supreme Court's holding in *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1971), that "regulations prohibiting the sale of liquor by the drink on premises where there were nude but not necessarily obscene performances were facially constitutional." *See City of Kenosha v. Bruno,* 412 U.S. 507, 515, 93 S.Ct. 2222, 2227, 37 L.Ed.2d 109 (1973) (referring to *LaRue* ). The Court in *LaRue* relied upon the grant of power to the states in the Twenty-first Amendment to regulate liquor. We recognize, of course, that not every exercise of state power in derogation of the First Amendment will be saved by the power afforded to the states in liquor regulation under the Twenty-first Amendment. *Cf. Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 460–62, 50 L.Ed.2d 397 (1976); *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). The State has urged us also to abstain under the

doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), from deciding the merits of the challenge to § 106(6), because of the currently pending state court proceedings. We agree with this latter contention.

In *Younger v. Harris, supra,* the Supreme Court held that a federal court should not enjoin a *pending* state criminal prosecution. In *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), the Court held that the same principles are applicable to a suit merely for declaratory relief as well. *See also Perez v. Ledesma,* 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *Dyson v. Stein,* 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971). In both situations, the Court explained, federal court intervention in state criminal proceedings is undesirable; and as long as the constitutional matter can be raised as a defense to a criminal prosecution, it is unnecessary. *See Byrne v. Karalexis,* 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

In the case at bar, plaintiffs have not been subjected to any *criminal* prosecution. However, we are of the opinion that the doctrine of *Younger v. Harris* nevertheless is applicable to this case, under *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). That case extended *Younger* to a public nuisance suit brought under a state statute permitting the closing as a public nuisance of movie theatres showing obscene motion pictures. The Supreme Court held that the federal court had granted an injunction improvidently because the nuisance proceeding "is more akin to a criminal prosecution than are most civil cases." The State of Ohio was the party plaintiff, and the suit concerned an area which is permeated with criminal sanctions. Here the liquor license revocation proceeding also is civil in nature, but can result in the imposition of a forfeiture bordering on the penal, as a sanction for "an offense to the State's interest." Here too, a state agency is the party plaintiff. And here too the subject-matter of the suit concerns an area permeated by criminal penalties, *see Juidice v. Vail,* 430 U.S. 327, 97 S.Ct.

1211, 51 L.Ed.2d 376 (1977); indeed, the violation of § 106(6) may itself be the predicate for a criminal prosecution. ABC Law § 130.

It is also true that in this case there was no state *court* proceeding which was *pending* at the time that the federal complaint was filed. And the Supreme Court has indicated in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), that the abstention doctrine of *Younger v. Harris* is not applicable when at the time the federal complaint is filed, state proceedings are not *pending,* but are only threatened. We do not believe, however, that Salem Inn can avail itself of the *Steffel* doctrine. In *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), the Supreme Court held that for *Younger v. Harris* to apply, there is no need for the state proceedings to be *pending* on the day the federal case is filed. It is enough that the state court proceedings are begun against the federal plaintiff, even after the federal complaint is filed, but before "any proceedings of substance on the merits" have taken place in the federal courts. In the case at bar the license revocation proceeding has been appealed to the Appellate Division, which has rendered a decision, and leave has been granted by the New York Court of Appeals. We need not hold, however, that there had been no "proceedings of substance on the merits" in the federal court suit prior to the appeal to the Appellate Division. *Cf. Keyes v. Denver School Dist.,* 521 F.2d 465, 490 (10th Cir. 1975) (Barrett, J., concurring). For the *SLA proceeding* was pending before the filing of the instant complaint, and we believe that *Huffman* should apply to state proceedings

begun as administrative proceedings with an assured right of judicial review,[5] as well as to state civil *judicial* proceedings. In *Huffman,* the Court held that federal intervention was not justified in the state proceeding when the federal plaintiff, having lost in the lower state courts, had not yet exhausted his state appellate remedies. The Court emphasized that the plaintiff should not expect the luxury of federal litigation of issues presented by *ongoing* state proceedings. 420 U.S. at 605, 95 S.Ct. 1200. Here too, the federal plaintiff has not exhausted his state appellate remedies. Here too, it is seeking federal litigation of issues presented by ongoing state proceedings. Although the constitutional issue cannot be raised in the agency hearing, it can be and indeed was raised on review. Since it is the *pendency* of the state proceeding, rather than the nature of the initial forum, that makes federal interference untenable, we treat the SLA proceeding and its judicial review as a single proceeding of the state system to which *Younger* and *Huffman* apply. *Cf. Gibson v. Berryhill,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (no distinction made in application of *Younger* abstention doctrine to administrative cases).

We do not think that the result should be otherwise merely because the Appellate Division has vacated the SLA's decision without reaching the constitutional question. The Appellate Division decision is being appealed to the New York Court of Appeals. It is possible that the Court of Appeals will conclude, contrary to the Appellate Division, that there *was* substantial evidence to support the charge brought under § 106(6).

---

**5.** The plaintiff asserts, however, that this judicial review will be futile, because the New York court has already rejected the First Amendment challenge to ABC Law § 106(6). In *Matter of Beal Properties, Inc. v. State Liquor Authority,* 37 N.Y.2d 861, 378 N.Y.S.2d 43, 340 N.E.2d 476 (1975), the Court of Appeals did hold that a license could not be revoked for violation of Section 106(6) "absent a regulation by the agency giving notice that conduct not lewd and indecent per se was proscribed." 37 N.Y.2d at 862, 378 N.Y.S.2d 43, 340 N.E.2d 476.

The plaintiff infers that the Court intended a negative pregnant that, given adequate notice, the statute was itself not violative of the First Amendment. We draw no such inference, for we assume that the Court of Appeals was simply following the principle that unnecessary constitutional adjudication should be avoided wherever possible. In any event, a stranger to the *Beal* suit, like Salem Inn, would not be foreclosed from squarely raising the federal constitutional claim.

If so, that court will squarely confront the constitutional claims.[6]

We therefore dismiss the attack on the statute, Section 106(6) of the ABC Law on abstention grounds, since there is now an appeal pending to the New York Court of Appeals, in which *that* court may decide the constitutionality of the statute on the merits, or may interpret it so as to render it inapplicable.

With respect to the attack on Rule 36, as being unconstitutional on its face, *Younger* abstention is of course inappropriate, because the validity and enforcement of the Rule is not before the New York Court of Appeals in its Salem Inn case.

 Nevertheless, we do not reach the merits of the challenge to the Rule either, on a different ground: that the matter is not ripe for adjudication. The Inn has not been charged with a violation of Rule 36. Thus its challenge to the Rule is ripe only if there is an "immediate threat of enforcement," *see Boyle v. Landry*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); *United Public Workers v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). A *possible* state prosecution may not be enjoined merely on the basis of speculative fears. *Younger v. Harris, supra; Steffel v. Thompson, supra.* Here plaintiff has failed to allege that the State Liquor Authority has actually threatened to revoke its license for a violation of the Rule. It has received no letter to desist; it has made no allegation that it has been warned by the SLA. Under these circumstances, the bare allegation of a "chilling effect" is insufficient to create a controversy ripe for adjudication.

We therefore dismiss the complaint.

---

6. For us to decide those claims *pendente lite* —and hence to foreclose the state court under *res judicata* principles—would create the very evil that *Younger* was designed to prevent. The applicability of *Younger* was raised by the Attorney General of New York early in the federal action. There is no reason for us to frustrate the orderly procedures of the state courts which are competent to deal with the federal constitutional issue in a single proceeding.

Salem Inn suggests, however, that its constitutional defense may *not* be raised as of right on judicial review. We do not agree. Although it is frequently said by the New York courts that an Article 78 proceeding "is not the proper vehicle [for testing] the constitutionality of legislative enactments", *see, e. g., Kovarsky v. Housing & Devel. Admin.*, 31 N.Y.2d 184, 191, 335 N.Y.S.2d 383, 387–388, 286 N.E.2d 882, 885 (1972), it is also true that under CPLR 103(c) the state court may treat an Article 78 proceeding as an action for declaratory judgment of the constitutionality of the statute. It may then decide the constitutional issue. *Kovarsky, supra; Matter of Lakeland Water Dist. v. Onondaga County Water Auth.*, 24 N.Y.2d 400, 408–09, 301 N.Y.S.2d 1, 248 N.E.2d 855 (1969). Moreover, it does not appear that the reviewing court has any particular discretion not to convert the Article 78 proceeding. *Kovarsky, supra.* Most important, *Kovarsky* makes clear that the Court of Appeals will itself "convert" the Article 78 proceeding and decide the constitutional issue. 31 N.Y.2d at 193, 335 N.Y.S.2d 383, 286 N.E.2d 882. It is a prerequisite to this conversion that the Attorney General be notified pursuant to CPLR 1012(b), but the Court of Appeals has indicated that notice may be given at that level even if there was no notice at the Appellate Division level. *Matter of Jerry v. Board of Educ.*, 35 N.Y.2d 534, 364 N.Y.S.2d 440, 324 N.E.2d 106 (1974).