■ In the Matter of Francis H. Neverett et al., Doing Business as Meadowbrook Nursing Home, Respondents, v New York State Department of Health et al., Appellants, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered November 19, 1981 in Albany County, which, *inter alia,* granted petitioners' application, in a proceeding pursuant to CPLR article 78, to require respondents to revise

petitioners' reimbursement rates for the years 1980 and 1981. In 1977, petitioners, who operate a nursing home, determined that their facility needed to hire additional nursing staff, which would increase costs above the Medicaid reimbursement ceiling then in effect. They therefore requested respondent Department of Health (DOH) to conduct a "management assessment review", an on-site inspection of the facility to determine actual staffing needs. DOH completed that review in July, 1978 and found petitioners' request for additional nursing staff justified. DOH computed the facility's 1978 rate by adding to the facility's 1976 operating cost data, trended for inflation, an amount equal to the operating loss it incurred in 1978 as a result of the additional staff expenses. The 1979 reimbursement rate was computed by adjusting the 1978 rate for inflation; the 1980 and 1981 rates were in turn based upon the previous year's payments adjusted to reflect inflation trends. Petitioners challenged the computation of their 1980 and 1981 rates. Special Term found that DOH had not followed the applicable regulations (10 NYCRR 86-2.10) and directed DOH to redetermine petitioners' reimbursement for those years. DOH now appeals. The regulation prescribing the procedure for calculating the 1980 and 1981 Medicaid repayment rates provided: "Computation of basic rate. (a) The operating portion of the 1980 basic rate shall be the lower of allowable fiscal and statistical data submitted by the residential health care facility for the fiscal year ended December 31, 1978 trended by the 1980 roll factor promulgated by the department, or in the case where the 1979 Medicaid rate is based upon a management assessment trended by the 1980 trend factor promulgated by the department. (b) The 1981 Medicaid rate shall be the 1980 Medicaid rate, as determined in subdivision (a) of this section, after taking into account all approved appeals trended by the 1981 trend factor promulgated by the department." (Former 10 NYCRR 86-2.10.) Petitioners concede that their 1979 reimbursement rate, adjusted for inflation, is lower than the figure obtained by adjusting their actual 1978 costs. They argue, however, that the 1979 rate should not have been utilized because no management assessment was conducted that year. DOH counters that because the 1978 rate was based, in part, on the 1977 management assessment review, the 1979 and subsequent rates were "based upon a management assessment" within the meaning of the regulation. Although an administrative agency is to be accorded great latitude in interpreting its own regulations, it may not do so "in a manner inconsistent with the entire regulatory and statutory scheme" (*Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243, 245-246). Pursuant to the language of subdivision 3 of section 2807 of the Public Health Law requiring rates to be "reasonably related to the costs of efficient production of [health related] service", DOH promulgated a method of reimbursement for the years 1980 and 1981 based on either 1978 costs adjusted for inflation or 1979 costs obtained by a management assessment review. In petitioners' case, however, DOH used rates based on a 1977 review, despite the fact 1978 cost figures were available. Not only is this inconsistent with the regulatory plan DOH itself devised, it also fails to comport with the statutory objective. Moreover, the 1977 management assessment review relied upon by DOH was not one where the department comprehensively reviewed the facility's entire cost basis in order to compute a new rate (see former 10 NYCRR 86-2.14 [f]), but was limited to a review of a single cost component, the expense of additional nursing staff. Accordingly, we conclude that DOH's determination that the 1979 rate was "based upon a management assessment" within the meaning of the regulation was unreasonable. Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.