■ RENLEY DEVELOPMENT COMPANY, Appellant, v TOWN BOARD OF THE TOWN OF KIRKWOOD et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kuhnen, J.), entered February 14, 1984 in Broome County, which

granted defendants' cross motion for summary judgment dismissing the action for damages and declared that defendant Water District No. 3 need not construe the Town of Kirkwood water rate assessment ordinance so that charges for plaintiff's apartment complex are calculated upon the basis of aggregate water consumption.

Plaintiff is a partnership which has owned and operated an apartment complex known as Kirkwood Manor Apartments in the Town of Kirkwood, Broome County, since 1970. The complex consists of 60 apartment units in six separate buildings, all situated on a single parcel of land. Defendants, the Town Board of the Town of Kirkwood and Water District No. 3, compute the water use of plaintiff's six buildings separately; each building has its own water meter. Because defendants assess water usage on a regressionary rate basis, i.e., as the volume of water consumed increases, the cost thereof per cubic foot decreases, plaintiff seeks to aggregate its water usage for the six buildings. Had defendants done this in the past, Kirkwood Manor's water bill would have been $6,106.32 less than actually paid for the period March 1, 1977 through September 1, 1982.

On February 23, 1983, plaintiff commenced this action to recover the $6,106.32 allegedly overpaid because of the water district's misinterpretation of the water rate ordinance and for a declaratory judgment directing defendants to construe the town's water ordinance so as to aggregate the water consumption of plaintiff's entire apartment complex in calculating future water bills. Thereafter, each of the parties moved for summary judgment. Special Term dismissed plaintiff's action for damages as time barred by the four-month Statute of Limitations of CPLR 217, denied plaintiff's requested declaratory relief, and entered summary judgment on behalf of defendants on the ground that computation of Kirkwood Manor's assessment on a per meter basis was reasonable. Plaintiff appeals.

A CPLR article 78 proceeding is the appropriate vehicle for seeking judicial scrutiny of administrative implementation of legislatively imposed duties (*Matter of Town of Arietta v State Bd.*, 56 NY2d 356, 362). Accordingly, the four-month Statute of Limitations applied to plaintiff's claim for damages arising from defendants' alleged unreasonable interpretation of the water use ordinance. Since municipal water charges become final and binding upon the customer's receipt of a bill therefor (*Matter of Miller v McGough,* 97 AD2d 416), plaintiff's February 23, 1983 complaint to recover past overpayments, the latest being September 8, 1982, is time barred. The case of *Matter of Lakeland Water Dist. v Onondaga County Water Auth.* (24 NY2d 400),

relied upon by plaintiff, does not require a different result for it did not involve an attack on individualized water rates established for a particular litigant, as here, but a challenge to a rate increase of general applicability (see *Solnick v Whalen,* 49 NY2d 224, 231-232).

Plaintiff also seeks a declaratory judgment to the effect that the water district's current treatment of each of its buildings as a separate consumer on a per meter basis is improper. Because the ordinance refers to the assessment of "consumers", says plaintiff, the water district should treat it as a single consumer and aggregate the water consumption of the six buildings of its complex. Initially, we note that the ordinance itself does not expressly define the term "consumers". It does, however, distinguish between "consumers", whom the district charges for water and for installation of water meters, and "property owners", whom the district bills for installation of fireline connections. Had the town board intended to assess a multiple-building property owner as a single consumer, as plaintiff contends, the ordinance would have been couched in terms of assessing property owners, not consumers. The existence of another town ordinance, establishing rules and regulations governing installation of water meters, which requires each building to have a water meter further supports the water district's charge here for water usage on a per building basis. It is also not without significance, as Special Term observed, that "[t]he legislative intent to apply the rate schedule for consumers on a per building basis may be gleaned from a long standing administrative practice of so charging" (see *Matter of Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464, 468; *Matter of Howard v Wyman,* 28 NY2d 434, 438), and from the further fact that this practice, without modification or challenge, has survived two legislative amendments to the ordinance.

Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.