INTERNATIONAL PAPER COMPANY, Appellant, v STERLING FOREST POLLUTION CONTROL CORP. et al., Respondents, et al., Defendant.

Second Department, December 31, 1984

### APPEARANCES OF COUNSEL

*Fabricant, Lipman & Stern* (*Mark D. Stern, Antonio T. Lucia* and *Walt T. Zielinski* of counsel), for appellant.

*Arthur Moskoff* for Town of Tuxedo, respondent.

*Ritter & Hankin* (*Joel D. Hanig* of counsel), for Sterling Forest Pollution Control Corp., respondent.

### OPINION OF THE COURT

MOLLEN, P. J.

In this action, the plaintiff International Paper Company, *inter alia,* sought a judgment, pursuant to section 121 of the Transportation Corporations Law, declaring invalid a stipulation of settlement between the defendant Sterling Forest Pollution Control Corp. (SFPCC) and the defendant Town of Tuxedo (the Town), which stipulation set the sewerage rates to be charged to the plaintiff by SFPCC, and, further, declaring invalid the Town's resolution approving the stipulation. The Supreme Court dismissed the complaint on the ground that the

action was barred by the four-month Statute of Limitations set forth in CPLR 217. We affirm.

The plaintiff, a domestic corporation, operates a facility which daily discharges more than 30,000 gallons of waste. SFPCC is a sewage-works corporation (see Transportation Corporations Law, § 115, subd 1), that operates the Indian Kill sewer system, which services 148 residents as well as three industrial users, namely: the plaintiff, and codefendants Union Carbide Corporation and Reichhold Chemical, Inc.

In January, 1967, the plaintiff and SFPCC entered into a contract in which SFPCC agreed to treat and dispose of the plaintiff's sewerage at a specified rate. This agreement expired on or about January 1, 1979.

Section 121 of the Transportation Corporations Law, governing the rate-making procedures for sewage-works corporations, provides that, "[a] sewage-works corporation shall supply each city, town, village or other municipal area or district wherein such corporation operates, and the inhabitants therein, with facilities or make provision for the collection, treatment and disposal of sewage at fair, reasonable and adequate rates agreed to between the corporation and the local governing body or bodies, and, in addition, in the county of Suffolk, the county sewer agency, notwithstanding the provisions of any general, special or local law. Rates shall be reviewable at intervals of not more than five years or at any time by petition of the corporation or motion by the local governing body on written notice after a period of ninety days. The petition of a corporation shall be determined within ninety days of its filing, and in the event a determination is not rendered within such period of time, the petition shall be deemed approved. The local governing body of a city or village, or of a county or town on behalf of a sewer district or for a special sewer improvement shall have the power to contract with a sewage-works corporation for collection, treatment or disposal of sewage. No contract for such services shall be executed for a period greater than ten years."

Pursuant to section 121, SFPCC petitioned the Town in or about November, 1978, for an increase in the residential sewerage rate. According to the plaintiff, the petition did not include a request for an increase in the plaintiff's rates; SFPCC's position, however, was that it submitted a separate petition to the Town in the form of a letter dated June 18, 1979, requesting such a rate increase. The Town conducted public hearings in March, May, June and July, 1979, although SFPCC contends such hearings were not statutorily mandated. Based upon its findings

of fact, the Town denied SFPCC's requested increase in sewer rates, both as to the plaintiff and the residential users, and ordered lower rates.

In, or about, January, 1980, SFPCC commenced a proceeding pursuant to CPLR article 78 to review the Town's determination, which proceeding was converted into a declaratory judgment action. The action was subsequently settled by stipulation of settlement, and amendment to the stipulation, entered into by the Town and SFPCC, both of which were incorporated into the court's settlement order dated November 17, 1981. The stipulation set the sewer rates to be charged to the plaintiff and residential users, for a period covering 1982, 1983 and 1984, commencing each year on January 1. The plaintiff was not a party to the declaratory judgment action or the settlement though, according to SFPCC, the plaintiff was aware of and was invited to join in the action. On September 28, 1981, the Town Board by resolution approved the settlement and the plaintiff's attorneys were notified of the approval.

The plaintiff commenced this action by the service of a summons, dated July 7, 1982, and complaint, seeking, *inter alia,* a judgment declaring that the stipulation of settlement, as amended, and the resolution approving the settlement, are violative of section 121 of the Transportation Corporations Law, and, therefore, null and void. Also sought was a judgment directing that "fair, reasonable and adequate rates" be set in accordance with section 121. The Town moved and SFPCC cross-moved, pursuant to CPLR 3211 and 3212, for orders dismissing the complaint on the ground that the action was barred by the Statute of Limitations. Special Term granted the motions, finding that "the action was commenced * * * more than four months after the cause of action for an article 78 proceeding accrued."

On this appeal, the plaintiff in essence argues that inasmuch as the sewerage rates in question were set pursuant to section 121 of the Transportation Corporations Law, which does not provide for public hearings, the action taken in setting those rates, viz., the stipulation of settlement and resolution approving the stipulation, should be deemed "legislative" rather than "administrative" action. As such, the appropriate method of challenging the action taken is a declaratory judgment action, governed by the six-year time limitation set forth in CPLR 213.

In *Matter of Lakeland Water Dist. v Onondaga County Water Auth.* (24 NY2d 400, 407), relied upon by the plaintiff, the Court of Appeals stated that, "[a]n article 78 proceeding, it is settled, may not be utilized to review legislative action * * * and an order

of an administrative agency fixing rates is deemed a legislative act, *at least where no provision has been made for notice and a hearing* * * * Where, however, notice and a hearing are prescribed by statute, the courts have consistently held that rate-making orders * * * are 'judicial' in the sense that they are reviewable by certiorari or a proceeding in the nature of certiorari". (Emphasis supplied.)

Action which is legislative in nature is reviewable in a declaratory judgment action (*Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra,* pp 408-409).

Subsequent to *Lakeland Water Dist.* (*supra*), the Court of Appeals seemingly reached a contrary result in *Solnick v Whalen* (49 NY2d 224). The plaintiffs in *Solnick* (*supra*) (the owners and operators of a nursing home) commenced a declaratory judgment action to challenge the downward revision of their reimbursement rates under the Federal Medicaid program (US Code, tit 42, § 1396 *et seq.*), administered by the New York State Department of Social Services. The determination was made pursuant to statute which did not require a predetermination hearing (see *Solnick v Whalen, supra;* see, also, *Matter of Broadacres Skilled Nursing Facility v Ingraham,* 51 AD2d 243). Nevertheless, the Court of Appeals concluded that the action challenged by the plaintiffs was properly reviewable by a CPLR article 78 proceeding and that the proceeding was governed by the four-month limitation period provided by CPLR 217 for proceedings against a body or officer.

The *Solnick* court (*supra,* p 231) distinguished *Lakeland Water Dist.* (*supra*), explaining that, "[n]either *Lakeland Water Dist.* nor the cases following and applying it in our court have involved situations such as the present *in which the attack has been addressed to individualized rates established for a particular litigant.* In *Lakeland Water Dist.* the challenge was to a resolution by the County Water Authority adopting an across-the-board schedule which increased rates and charges of the authority applicable to all its customers." (Emphasis supplied.)

The court added that a challenge of "an *ad hoc* determination of an individual party's right of reimbursement [is] a determination more accurately classified as administrative rather than legislative" (49 NY2d 224, 232, *supra*).

In *Press v County of Monroe* (50 NY2d 695, 699), the Court of Appeals was called upon to determine the applicable Statute of Limitations in a declaratory judgment action challenging the assessment rolls of a sewer district as affirmed and adopted by the county legislature pursuant to section 271 of the County

Law on the ground that the underlying rate schedule was unconstitutional.

Concluding that the applicable Statute of Limitations was the four-month statute of CPLR 217, the court reasoned that (pp 703-704 [emphasis supplied]): "[h]ere, as in *Solnick,* the issues sought to be raised by plaintiffs in the declaratory judgment action could have been raised by them in a proceeding instituted under article 78. The action of the Monroe County Legislature sought to be reviewed was not 'legislative' in the precise sense of that term; *even in a technical sense the action in each year was taken by the adoption of a resolution, not enactment of a local law. No statutory provision was enacted; no action was taken which would have any carry-over effect beyond the particular assessment year.* The underlying property classification plan to which plaintiffs direct their constitutional attack was not itself adopted or enacted; no repealer would have been required had the sewer district elected to change to another rate schedule in any following year. By whatever term of classification the action of the county legislature might be described, e.g., administrative, quasi-administrative or otherwise, judicial review could properly have been sought and obtained under article 78."

In short, "[t]he circumstance that the action sought to be reviewed is that of a legislative body * * * does not stamp that action as 'legislative' " for the purpose of determining whether that action may be challenged by means of an article 78 proceeding or a declaratory judgment action (*Press v County of Monroe,* 50 NY2d 695, 701, *supra*).

Synthesizing *Press (supra), Solnick (supra),* and *Lakeland (supra),* the following may be identified as characteristic of legislative action or determination: general applicability, indefinite duration, and formal adoption, i.e., the enactment of legislation. Action, or a determination, deemed to be administrative is characterized by its individualized application, limited duration, and informal adoption, e.g., resolution by the governing body.

Applying the foregoing to the case at bar, we conclude that the action taken pursuant to section 121 of the Transportation Corporations Law was administrative, rather than legislative, in nature. As in *Solnick* (49 NY2d 224, 231, *supra*), the challenge here is "addressed to individualized rates established for a particular litigant". The action taken is of limited duration. By statute, "[r]ates shall be reviewable at intervals of not more than five years or at any time by petition of the corporation or motion by the local governing body * * * No contract for such

services shall be executed for a period greater than ten years" (Transportation Corporations Law, § 121). The stipulation, which established the plaintiff's rates, covers a specified time period. Moreover, the action challenged by the plaintiff was taken informally by means of the stipulation and resolution by the local governing body; it was not taken formally, e.g., by the enactment of legislation. Finally, the fact that the action was taken pursuant to a statute, which did not require notice or a hearing, is of no legal significance in light of the afore-mentioned factors found by the Court of Appeals in *Press* (*supra*) and *Solnick* (*supra*) to be characteristic of administrative action (see *Renley Dev. Co. v Town Bd.*, 106 AD2d 717).

In *Solnick,* the Court of Appeals stated that (*supra,* pp 229-230), "[i]n order to determine * * * whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought * * * If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catchall provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred."

An examination of the substance of the claim underlying the declaratory judgment action at bar (see *Stettine v County of Suffolk,* 105 AD2d 109), discloses that the action or determination challenged by the plaintiff was reviewable pursuant to CPLR article 78 for which a specific time limitation (four months) is prescribed by CPLR 217. The plaintiff's failure to commence this declaratory judgment action within the statutorily prescribed time requires its dismissal (*Solnick v Whalen, supra*).

In light of our determination that the plaintiff's action was barred by the Statute of Limitations, we need not address the parties' remaining contentions.

Accordingly, the order and judgment (one paper) of the Supreme Court, Orange County, granting the motion and cross motion of the defendant Town of Tuxedo and the defendant Sterling Forest Pollution Control Corp., respectively, to dismiss

the complaint on the ground that the action is barred by the Statute of Limitations, should be affirmed, with one bill of costs.

TITONE, BRACKEN and RUBIN, JJ., concur.

Order and judgment (one paper) of the Supreme Court, Orange County, dated August 22, 1983, affirmed, with one bill of costs.