■ In the Matter of 184 KENT AVENUE ASSOCIATES, Appellant, v JOHN A. MIELE, SR., as New York City Commissioner of the Department of Environmental Protection, et al., Respondents. [706 NYS2d 166] —In a proceeding pursuant to CPLR article 78 to compel the respondents to refund certain sewer charges, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated February 5, 1999, which, denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

The petitioner asserts that, between February 12, 1985, and May 8, 1997, it paid certain charges specified as "sewer rent", even though its building received no sewer service. The petition alleges that it was not until September 2, 1997, that the parties discovered that, in fact, sewer services had not been provided. On or about November 3, 1997, the New York City Department of Environmental Protection reimbursed the petitioner for six years of "sewer rent" payments. The present CPLR article 78 proceeding was commenced on or about September 1, 1998. The petitioner challenges the validity of the bills submitted before the six-year period referred to above.

We agree with the Supreme Court that the present proceeding is time-barred. The petitioner is, in effect, challenging the validity of "sewer rent" bills received several years ago. Each such bill constituted a final and binding determination, and the petitioner had four months from the date of receipt of each determination within which to bring a proceeding for judicial review (*see, Kyu Chang Yoon v City of New York,* 253 AD2d 793; *45435 Realty Co. v City of New York,* 200 AD2d 501; *Renley Dev. Co. v Town Bd.,* 106 AD2d 717; *Matter of Miller v McGough,* 97 AD2d 416).

The petitioner's argument respecting the doctrine of estoppel, as well as its remaining arguments, are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.