■ In the Matter of MARTIN LUTHER NURSING HOME, INC., Respondent, v MICHAEL J. DOWLING, as Commissioner of Social Services of State of New York, et al., Appellants. [716 NYS2d 252] —Judgment unanimously reversed on the law without costs and respondents granted 20 days from service of the order of this Court with notice of entry to serve and file an answer. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a notice of rate change and intent to recoup an alleged overpayment of Medicaid reimbursement funds for rate years 1989 through 1992 and to enjoin any future efforts to recoup overpayments based upon a refund of certain expense costs made in 1985. Respondents moved to dismiss the petition, contending that petitioner failed to exhaust its administrative remedies and that, by stipulating to an adjustment for the 1983 base year, petitioner waived its right to challenge any rate adjustment premised on that stipulated adjustment. Supreme Court granted the petition, thereby denying the motion to dismiss.

It is undisputed that respondent Michael J. Dowling, as Commissioner of Social Services of the State of New York, failed to include information concerning petitioner's right to an administrative hearing in the notice of rate change. Because such information is required by 18 NYCRR 519.5 (c) and 519.6, petitioner was excused from the precondition that it exhaust its administrative remedies (*see, Hurlbut v Whalen,* 58 AD2d 311, *lv denied* 43 NY2d 643). The stipulation at issue unambiguously provides that it relates solely to the Niagara Mohawk Power Corporation utility expense audit issue for the base year 1983 used to establish Medicaid rates for rate years 1986 through 1988 and that petitioner "waives any right of action it may have in law or equity to challenge the final audit report as it relates to said issue as settled hereby or the repayment of any Medicaid overpayment resulting therefrom." Because the stipulation limits petitioner's waiver of rights to rate years 1986 through 1988, the waiver does not apply to the application of that audit issue to subsequent rate years, specifically 1989 through 1992.

The court erred, however, in reaching the merits of the petition without first affording respondents the opportunity to submit an answer to the petition (*see,* CPLR 7804 [f]; *Matter of Posner v Rockefeller,* 33 AD2d 683, *affd* 25 NY2d 720; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 410). Thus, we reverse the judgment and grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer. (Appeal from Judgment of Supreme Court, Oneida County, Buckley, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.