BOARD OF EDUCATION OF NORTH COLONIE SCHOOLS, NEWTONVILLE, Respondent, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.

Third Department, October 25, 1973.

*Louis J. Lefkowitz*, Attorney-General (*Kenneth J. Connolly* and *Ruth Kessler Toch* of counsel), for appellant.

*Schrade, Morris & Roche* (*Jed B. Wolkenbreit* of counsel), for respondent.

COOKE, J. This is an appeal, by permission, from an order of the Supreme Court at Special Term, entered March 26, 1973 in Albany County, which denied appellant's motion to dismiss, ordered that the action commenced by respondent be deemed a proceeding pursuant to article 78 of the CPLR, and ordered the matter set down for trial.

The instant controversy arises out of the legislative enactment of chapter 3 of the Laws of 1972 which, *inter alia,* revised the payment schedule of State aid to local school districts by deferring the payments due in January and February, 1972 until May and June of that year. Anticipating a possible burden on some school districts as a result of the delay in the receipt of the State aid payments, section 2 of the law provided for additional appropriations to reimburse school districts for interest on amounts " required to be borrowed as a result of the revision of the state aid payment schedule." The same section further provided that " the type of borrowing and the interest paid with respect thereto by such districts or boards shall be subject to the prior approval of the comptroller."

The respondent Board of Education borrowed money by the issuance of revenue anticipation notes in January and March, 1972, having received prior approval of the type of borrowing and rate of interest by the Comptroller pursuant to the statute. On June 1, 1972 respondent was informed by letter that the Comptroller was unable to process its claim for reimbursement for interest expenses since it was not clearly demonstrated that respondent was " required " to borrow the money as other funds appeared to be available to it to meet expenses. The letter closed with the statement: " If you have any additional information that clearly demonstrates that a need did, in fact, exist, please furnish such information to us for purposes of reconsideration of your claim." On June 5, 1972, respondent's business manager replied, asserting that there was in fact a need for the money since the board's other funds were invested in accordance with a voter-approved financial plan and that they had expected reimbursement for interest charges after the approval to borrow was received from the Comptroller's office. On June 23, 1972, the Comptroller disallowed the claim for reimbursement.

The instant action to recover the sum of $2,354.16 in interest charges on the revenue anticipation notes was commenced on October 13, 1972. Appellant made a motion to dismiss the action pursuant to CPLR 3211 claiming that the action belonged in the Court of Claims. Special Term considered the action as one seeking an order of mandamus compelling the performance of a ministerial act enjoined by law upon the Comptroller and therefore treated it as a proceeding pursuant to article 78 of the CPLR and set it down for trial.

Appellant argues that the lower court erred in treating the matter as an article 78 proceeding; that even if so treated, the four-month Statute of Limitations expired prior to the com-

mencement of this action; and that the order appealed from denied appellant the fundamental right to interpose an answer.

" An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion " (*Matter of Posner* v. *Levitt,* 37 A D 2d 331, 332) unless such judgment or discretion has been abused by arbitrary or illegal action (*People ex rel. Lodes* v. *Department of Health of City of N. Y.,* 189 N. Y. 187, 194). Mandamus will be granted only when a clear legal right thereto is demonstrated (*Matter of Small* v. *Moss,* 277 N. Y. 501, 507; 23 Carmody-Wait 2d, New York Practice, § 145:97, p. 573), and the judgment in a mandamus proceeding may, in some circumstances, direct the payment of money (24 Carmody-Wait 2d, New York Practice, § 145:375, p. 225).

In the instant proceeding, whether mandamus is proper against the Comptroller of the State of New York depends upon whether the money was required to be borrowed. On the one hand, if the prior approval by the Comptroller of the type of loan and the rate of interest implicitly decided the question of whether the money was required to be borrowed, then the only remaining act to be performed is the ministerial function of repaying the respondent board and mandamus will lie in the event of a refusal (cf. *Matter of Posner* v. *Levitt, supra*). On the other hand, if such approval by the Comptroller merely categorized respondent's loan as one that was *reimbursable* subject to a subsequent determination of whether or not it was required, then the Comptroller's judgment on the latter question is not the proper object of mandamus unless arbitrary and capricious (*People ex rel. Lodes* v. *Department of Health of City of N. Y., supra*).

In conclusion, the lower court properly converted the action herein into a proceeding pursuant to article 78 of the CPLR in the nature of mandamus (see *Matter of Silverman* v. *Lefkowitz,* 41 A D 2d 442), and properly set it down for trial of the factual issues (*Matter of Carucci* v. *Dulan,* 24 A D 2d 529, 530; CPLR 7804, subd. [h]; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.10).

The action was properly commenced within the four-month Statute of Limitations created by CPLR 217 since the Comptroller's decision did not become final and binding upon the respondent until the letter of June 23, 1972 was received. Nowhere does the earlier letter of June 1, 1972 indicate that the claim was being disallowed, merely stating as it does that " we are * * * unable *to process* your claim " (emphasis sup-

plied) and suggesting further information to " clearly demonstrate " a need. Respondent's letter of June 5, 1972 attempts to provide additional information as to why other funds were not available to it and the letter of June 23, 1972 alludes to this information in disallowing the claim. In any event, " in dealing with this dilatory defense the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court " (*Matter of Castaways Motel* v. *Schuyler,* 24 N Y 2d 120, 126–127, rearg. granted 25 N Y 2d 891, and decision adhered to 25 N Y 2d 692).

Finally, we note that Special Term should have permitted appellant leave to answer prior to trial (CPLR 7804, subd. [f]; see *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.,* 24 N Y 2d 400, 410).

The order should be modified, on the law and the facts, by granting leave to appellant to serve an answer within 10 days of the entry of the order herein and further modified by directing respondent to serve a copy of its pleading upon the Attorney-General within said time (CPLR 7804, subd. [c]; CPLR 103, subd. [c]), and, except as so modified, affirmed, without costs.

STALEY, JR., J .P., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Order modified, on the law and the facts, by granting leave to appellant to serve an answer within 10 days of the entry of the order herein and further modified by directing respondent to serve a copy of its pleading upon the Attorney-General within said time (CPLR 7804, subd. [c]; CPLR 103, subd. [c]), and, except as so modified, affirmed, without costs.