■ In the Matter of STUART E. COHEN, Respondent, v DEPARTMENT OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to annul the dismissal of petitioner from his position of Provisional Teacher II at the Willowbrook State School, the appeal is from a judgment of the Supreme Court, Richmond County, dated March 26, 1974, which granted the petition and directed appellants to reinstate petitioner to his position and to pay him his salary from the date of the dismissal, less any compensation received from other employment. Judgment modified, on the law, by striking therefrom the first two decretal paragraphs, which state that the petition is granted and direct appellants to reinstate petitioner. As so modified, judgment affirmed, without costs, and matter remanded to appellants for a hearing consistent with the views herein set forth. Petitioner was a provisional employee who was not entitled to a hearing and could have been dismissed without reason. His dismissal was grounded not upon dissatisfaction with his services, but upon a finding of unjustified physical abuse of a resident patient. The finding was made in the absence of a hearing. Where a person's good name or reputation is at stake because of what the State or one of its agencies has done with respect to him, due process would accord him an opportunity to refute the charge *(Board of Regents v Roth,* 408 US 564). Accordingly, the matter should be remanded to appellants for a hearing consonant with due process require-

ments. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.