■ In the Matter of ZENOPHA HUDSON, as Trustee of the Hudson Temple Tabernacle Church of God and Christ, Inc., et al., Respondents, v SADIE SILVERS, as Director of Fiscal Affairs of the Agency for Child Development of the Human Resources Administration of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel appellants to pay certain funds as rental payments on premises which a certain religious corporation, of which petitioners purportedly are trustees, had leased to a certain day care center, the appeal is from a judgment of the Supreme Court, Kings County, entered August 7, 1974, which denied appellants' cross motion to dismiss the petition upon objections in law and directed them to pay the unpaid rent for the term of the lease at a stated monthly rate. Judgment modified, on the law, by deleting the first decretal paragraph thereof, which directed that the rent be paid. As so modified, judgment affirmed, with $20 costs to appellants. Appellants are granted leave to serve an answer within 20 days after service of the order to be entered hereon, with notice of entry, and to make any appropriate additional motion addressed to the petition which they deem advisable. Special Term should have permitted appellants to answer the petition upon its denial of their motion to dismiss the petition (CPLR 7804, subd [f]; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 410; *Board of Educ. of No. Colonie Schools, Newtonville v Levitt,* 42 AD2d 372, 375). Significant issues of fact regarding appellants' relationship to petitioners, the obligation, if any, of appellants to pay the moneys claimed to be due and owing as a result of the lease of the premises in question, and the authority of petitioners to institute this proceeding on behalf of the ostensible lessor of the property, Gospel Tabernacle Church, are unresolved by the petition and the papers which constitute the record on this appeal. Appellants must be given opportunity to serve an answer to the petition and to address any appropriate additional motion to the petitioners' pleadings which they deem advisable (see *Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra,* p 410). Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.