■ In the Matter of ARTHUR L. BIER, Respondent, v BERTRAM D. SARAFAN et al., Constituting the New York State Racing and Wagering Board, Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered March 18, 1976 in Sullivan County, which denied a motion to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, and directed the New York State Racing and Wagering Board to issue to petitioner a license to own, train and drive harness race horses in the State of New York for the year 1976. Early in December of 1975, petitioner applied for a license to participate in harness racing meets for the year 1976 (L 1940, ch 254, as amd). On December 20, 1975 he was charged with second degree criminal possession of a forged instrument upon allegation that he possessed a forged New York State Motor Vehicle operator's license. He was also accused of driving while his operator's license was revoked, but he pleaded guilty to that charge. On December 24, 1975 the appellant New York State Racing and Wagering Board notified him of its refusal to issue the requested license pending disposition of the criminal charges against him. In the absence of a response to his admitted request for a hearing, the within proceeding was commenced. Appellant moved to dismiss the petition raising the objection in point of law that petitioner had not exhausted his administrative remedies. That motion was denied and appellant was directed to issue the license. Special Term plainly erred in awarding petitioner affirmative relief without permitting appellant to interpose an answer (CPLR 7804, subd [f]; *Matter of Hudson v Silvers,* 48 AD2d 698; *Matter of Barone v City of Dunkirk,* 47 AD2d 592; *Board of Educ. v Levitt,* 42 AD2d 372). In any event, we cannot agree that only a question of law was involved thereby eliminating the necessity to exhaust available administrative remedies. The underlying facts upon which the criminal charges were based could be considered as relevant to the character and general fitness requirements for the issuance of a license. Therefore, administrative review was a condition precedent for the commencement of this proceeding *(Matter of Baldwin v McCoy,* 35 AD2d 1059, affd 31 NY2d 887). Despite the outcome which this conclusion dictates, we note that the failure of administrative review was clearly not petitioner's fault. He has requested the hearing to which he is entitled by statute and appellant should promptly accede to that request without regard to the stage at which criminal charges may be pending against him (L 1940, ch 254, as amd). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.