■ In the Matter of BETTY A. PETRILLO, Respondent, v CHARLES BATES, as Commissioner of Social Services of the County of Westchester, et al., Appellants.—In a proceeding pursuant to CPLR article 78 in which petitioner, *inter alia,* seeks reinstatement to her position as an intermediate clerk, the appeal is from a judgment of the Supreme Court, Westchester County, dated August 19, 1976, which, *inter alia,* (1) directed her reinstatement and (2) directed appellants to conduct a due process hearing. Judgment modified, on the law, by deleting the second and fourth decretal

paragraphs thereof. As so modified, judgment affirmed, without costs or disbursements. Provisional employees who are granted pretermination hearings are not entitled to reinstatement and back pay pending the hearing (see *Matter of Cohen v Department of Mental Hygiene of State of N. Y.,* 48 AD2d 697; *Matter of Perry v Blair,* 49 AD2d 309; *Matter of Reeves v Golar,* 45 AD2d 163). A provisional employee is entitled to a pretermination hearing upon proof of (1) stigmatization (see *Matter of Reeves v Golar, supra; Matter of Civil Serv. Employees Assn. v Wallach,* 48 AD2d 923; *Matter of Jackson v Wallach,* 48 AD2d 925; *Matter of Perry v Blair, supra)* and (2) loss of present job (cf. *Paul v Davis,* 424 US 693). Where the discharge is not related to job performance, proof of publication to the prospective employer is unnecessary (cf. *Bishop v Wood,* 426 US 341). The charge upon which petitioner claims she was discharged is a crime and this constitutes stigmatizing behavior entitling her to a hearing. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.