OPINION OF THE COURT
Aaron E. Klein, J.
Is a New York State employee who served in a noncompetitive class position from November 27, 1976 to January 24, 1977 (less than two years) entitled to a constitutional due process hearing upon termination by his employer (New York State Division for Youth) for alleged involvement in two incidents of brutality against residents of New York State schools?
In this CPLR article 78 proceeding petitioner, Dave E. Hill, Jr. (a City of Rochester resident), seeks a judgment against Peter B. Edelman (Director of the New York State Division for Youth) seeking:
(a) a declaration that the respondent has acted in an arbitrary, capricious, unreasonable and illegal manner in terminating the petitioner from his Youth Division Aide III (YDA III) position with the New York State Division for Youth.
(b) a declaration that the respondent has denied the pe *487 titioner his liberty under the due process clause of the Fourteenth Amendment to the Constitution of the United States in terminating the petitioner from his YDA III position with the New York State Division for Youth in such a manner as to damage the petitioner’s good name and reputation.
(c) an order directing respondent to reinstate the petitioner to his YDA III position with back pay to February 16, 1977, without loss of any benefits or rights and a declaration that the petitioner will not be terminated without a notice of charges and a hearing.
(d) an order directing that the petitioner be awarded costs and disbursements in this proceeding.
The alleged facts of this proceeding are adequately described in petitioner’s legal memorandum as follows:
(1) On or about November 27, 1977, petitioner was appointed to the position of YDA III with the New York State Division for Youth at the Industry State School, Industry, New York. The YDA III position is in the noncompetitive class.
(2) On January 24, 1977, petitioner was relieved of his duties as a YDA III at the Seneca Cottage at the Industry State School, and was assigned duties as a switchboard operator and in the maintenance department. The petitioner was relieved of his regular duties and reassigned for the reason that he was allegedly involved in an incident of brutality against a resident on January 23, 1977.
(3) On February 8, 1977 petitioner was again implicated in brutality charges, when disciplinary charges were brought against one William Koronas. Within those charges is the allegation that the petitioner kicked and struck, with a belt, one Phillip Kowal; Kowal has denied that the petitioner struck him.
(4) On February 16, 1977, as a result of the investigation of the alleged incident of brutality, the petitioner was terminated from his position as a YDA III with the Division for Youth, notwithstanding that the petitioner did not receive a statement of charges nor a hearing.
(5) On March 21, 1977, the petitioner requested reinstatement and a hearing with an opportunity to refute the charges of brutality levied against him. On April 7, 1977, the New York State Division for Youth denied the petitioner’s request for reinstatement stating that the petitioner was involved in a *488 serious incident and that he should not be working with children, and denied the petitioner’s request for a hearing under article 33 of the collective bargaining agreement between the State of New York and the Civil Service Employees Association, Inc., on the grounds that the petitioner was a noncompetitive class employee with less than two years’ experience and therefore not entitled to the protections of article 33.
(6) The sole reason for the petitioner’s termination was that he was allegedly involved in an incident of brutality, a charge which has been denied by the alleged victim. The petitioner has never received an unsatisfactory evaluation from the Division for Youth and has actually received several commendations.
(7) The alleged incident has received publicity and notoriety in the press.
As a result of the charges of brutality and the petitioner’s subsequent termination, the petitioner has been unable to secure employment.
These facts are not disputed by respondent the Director of the New York State Division for Youth who adds that the present action for reinstatement, back pay, or, in the alternative, a hearing, was instituted on June 10, 1977.
Respondent interposes two CPLR 7804 (subd [f]) objections in point of law, to wit:
(1) the petition fails to state a cause of action; and,
(2) CSEA is not a proper party to institute the proceedings herein because CSEA negotiated and ratified the contractual agreement herein.
Petitioner points out that he is being represented by counsel who also have CSEA as a client, but that CSEA does not represent him making respondent’s second objection in point of law moot.
In support of its first objection in point of law respondent alleges that as a probationary employee petitionér has no contractual or statutory right to a due process hearing under New York or Federal case law, offering as authority Bishop v Wood (426 US 341); Board of Regents v Roth (408 US 564); Russell v Hodges (470 F2d 212); Matter of King v Sapier (47 AD2d 114, affd 38 NY2d 960).
Respondent is correct that normally a probationary em *489 ployee is not deemed to have sufficient "property” interest in his job to be entitled to due process protections.
However, where the charges upon which the probationary employee is dismissed have the effect of stigmatizing the employee so that he is not able to find other employment, probationary employees have been granted due process protections prior to being relieved of their employment (see, e.g., Lombard v Board of Educ., 502 F2d 631, 635-638, cert den 420 US 976).
This court finds that the charges in the present case, physical brutality against residents in a New York State institution; which charges are not supported by uncontroverted evidence; may leave a blot on petitioner’s character which encompasses and transcends his job property interest, and that the New York State Division for Youth should recognize that as a State agency it must afford its employees, regardless of their probationary or nonprobationary status, a hearing to clear their reputation when charges which tend to impugn that reputation form the basis for employment termination.
It is known in the labor relations community that discharge from employment is the equivalent of a "death sentence” to the- employee subject to discharge. When the basis for the discharge (brutalizing youths in this case) tends to damage character, and the charges are denied by the public employee who offers evidence to disprove the charges, then it is the opinion of this court that the law should align itself with principles of equity, fairness, and the Constitution as construed by the United States Supreme Court in permitting the accused employee an opportunity to clear himself at hearing (also, see, Matter of McShane v City Civ. Serv. Comm. of City of N. Y., 51 AD2d 521; Matter of Cohen v Department of Mental Hygiene of State of N. Y., 48 AD2d 697).
The sole surviving objection in point of law is deemed to be without merit, and the relief petitioner requests is granted.
(On reargument, December 6, 1977)
Respondent Peter B. Edelman (New York State Division of Youth Director) moves under CPLR 2221 seeking: (1) reargument of this court’s decision dated September 9, 1977 (92 Misc 2d 485) to permit the court to consider respondent’s opinion that, under Codd v Velger (429 US 624) the sole purpose of affording a hearing to a probationary employee terminated in the face of charges which may have the effect of damaging the employee’s reputation is to clear his name, not to consider *490 whether the employee should be reinstated with back pay; (2) resettlement of the order and judgment dated September 30, 1977 as overly broad in that it requires respondent to afford a hearing to petitioner Dave E. Hill, Jr., prior to imposing any discipline, whereas, respondent believes the decision addressed itself solely to the situation in which the accused employee faced termination if the charges made against him were found true; and (3) permission to answer the petition, as the original motion was a CPLR 7804 (subd [g]) motion to dismiss upon objections in point of law, which, if denied, affords respondent an opportunity to answer.
Petitioner Hill cross-moves: (1) seeking to have the order to show cause dated October 19, 1977 granting leave to reargue vacated on the grounds (a) the order was made ex parte without notice to petitioner in alleged violation of CPLR 2221 which petitioner believes requires notice (b) reargument was improperly granted because respondent has a remedy in the appeal (taken to the Appellate Division, Third Department, by notice of appeal dated October 13, 1977 and served on petitioner) from the order entered in the Albany County Clerk’s Office on October 4, 1977 which was timely made within 30 days as required by CPLR 5513 (subd [c]) (2 Carmody-Wait 2d, NY Prac, § 8:81; New York Cent. R. R. Co. v Beacon Milling Co., 184 Misc 187), and (c) petitioner referred to Codd v Velger (supra) at page 9 of his memorandum submitted to this court on the original motion and respondent could have at that time submitted a supplemental memorandum concerning Codd v Velger and the issue of reinstatement; and (2) if reargument is permitted the Codd v Velger decision does not prevent an employee who affirmatively alleges the facts in the charges against him are untrue from seeking reinstatement after hearing.
Decision
1. MOTION TO REARGUE
CPLR 2221 (subd 2) provides that a motion to reargue may be considered without notice to the opposing party, if the order from which reargument is sought was made without notice. As the order from which reargument is sought was made without notice, the court does not believe it erred in permitting the ex parte submission of an order to show cause granting leave to reargue.
The decision to grant or deny leave to reargue is a matter over which the court has some discretion. Reading Carmody *491 Wait 2d, New York Practice (vol 2, § 8:81, pp 99-100) the court finds this statement: "A motion for leave to reargue or rehear a motion will not he granted unless it appears that there is some decision or some principle of law which would have a controlling effect and which has been overlooked”. (Emphasis added.) Leave to reargue should not be granted where the party seeking rehearing has not appealed in timely fashion, otherwise litigants might be inclined to use the reargument device as a means to circumvent the CPLR time limits for appeal. In New York Cent. R. R. Co. v Beacon Milling Co. (184 Misc 187, 191, 192, supra) cited by petitioner, Mr. Justice Van Voorhis granted reargument observing that the Court of Appeals ultimately decided in favor of the party seeking reargument; and, that reargument was not premised on a new principle established by Court of Appeals decision handed down after the original decision sought to be reviewed was issued.
Recognizing that in its original decision in this case this court did not: (1) discuss the Codd v Velger decision; (2) consider whether reinstatement pending or after hearing could be granted under Codd v Velger; (3) follow the direction in CPLR 7804 (subd [g]) permitting respondent to answer the petition following denial of objections in point of law; (4) that Codd v Velger and CPLR 7804 (subd [g]) existed prior to the court’s original decision; (5) that under CPLR 5517 granting a motion for reargument does not effect the pending appeal; (6) the motion for reargument was made prior to the time for filing the notice of appeal expired and after a notice of appeal was filed and served; and (7) the decision discussed due process related to the employment termination, while the order dealt with due process related to discipline generally, the court holds rehearing and reconsideration essential to rule on what appears to be controlling statutory and decisional law not considered in the court’s prior decision. Moreover, the court is aware that the Appellate Division, Third Department, denied petitioner’s motion for a preference pending determination of this reargument.
2. CODD V VELGER
Codd v Velger (429 US 624, supra), Matter of Petrillo v Bates (56 AD2d 577), and Matter of Cohen v Department of Mental Hygiene of State of N. Y. (48 AD2d 697) all involved termination of probationary employees on the basis of information of a stigmatizing nature which could damage name, *492 reputation, and diminish the possibility for obtaining future employment.
The Codd v Velger (429 US 624, supra) five-man majority drew a clear distinction between the purpose for and type of due process hearing required depending on the type of interest protected. "Conditional freedom following parole”, a liberty interest considered in Morrissey v Brewer (408 US 471, 479-480) and Gagnon v Scarpelli (411 US 778, 784), was held to require two separate considerations: (1) "whether the parolee in fact committed the violation with which he is charged”; and (2) "whether if he did commit the act his parole should, under all circumstances, therefore be revoked”. (Codd, supra, p 627.)
Considering the interest involved in the present case the majority wrote (p 627): "But the hearing required where a nontenured employee has been stigmatized in the course of a decision to terminate his employment is solely 'to provide the person with an opportunity to clear his name.’ ” (Emphasis added.) The majority also stated the same principle in this way (p 627): "Assuming all of the other elements necessary to make out a claim of stigmatization under Roth [Board of Regents v Roth, 408 US 564, 573] and Bishop [Bishop v Wood 426 US 341], the remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.’ 408 U.S., at 573. 'The purpose of such notice and hearing is to provide the person an opportunity to clear his name,’ id., at 573 N. 12.”
The Second Department in both Matter of Petrillo v Bates (56 AD2d 577, 578, supra) and Matter of Cohen v Department of Mental Hygiene of State of N. Y. (48 AD2d 697, supra) modified Supreme Court decisions in article 78 proceedings by deleting decretal paragraphs directing that the probationary employees terminated on the basis of stigmatizing charges be reinstated with back pay pending hearing to clear their name.
Although Matter of Cohen v Department of Mental Hygiene was mentioned in this court’s decision dated September 9, 1977, it is clear to this court upon closer examination of Cohen, Codd, and Petrillo, that reinstatement and back pay of a probationary employee pending hearing to clear his name on charges of a stigmatizing nature are improper (cf. Matter of Meliti v Nyquist, 41 NY2d 183, 187, as cited in Matter of Harder v New York State Dept. of Environmental Conservation, 60 AD2d 664).
Additionally, reading the majority opinion in Codd (supra), *493 more closely it appears improper for this court to afford petitioner Hill any more than an opportunity to clear his name at the due process hearing. This is so notwithstanding the factual distinction that in this case petitioner contests the truth of the charges against him, whereas in Codd there was no denial of the charges by the terminated police officer.
Reargument having been granted, the court upon reconsideration concludes the order it signed September 30, 1977 must be modified by deleting from decretal paragraphs one and four any directions that petitioner be reinstated with back pay pending the hearing.
A seventh decretal paragraph should be added to the order limiting the due process hearing afforded the petitioner to the opportunity to refute facts of a stigmatizing nature concerning the alleged incidents of brutality which tend to diminish petitioner’s opportunity to obtain future employment.
3. cplr 7804 (sued [g])
Upon reconsideration the court recognizes that it erred in not permitting respondent to answer the petition, as directed in CPLR 7804 (subd [g]), after dismissing respondent’s objections in point of law (Matter of Hudson v Silvers, 48 AD2d 698, citing Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 410; Board of Educ. v Levitt, 42 AD2d 372, 375).
Accordingly, the order signed September 30, 1977 should also be modified to add an eighth decretal paragraph affording respondent an opportunity to answer the petition.
4. DISCIPLINE VERSUS TERMINATION
Respondent requests that the word "discipline” in the fifth decretal paragraph of its order dated September 30, 1977 be changed to "terminate”. This change is apparently suggested because Codd v Velger (supra) and this court’s decision dated September 9, 1977 referred to situations in which the employee faced termination.
As the function of the due process hearing is to permit the accused employee an opportunity to clear his name it makes no practical difference whether the charges stigmatizing the employee are brought in the context of a proceeding where discipline short of termination may result. The court feels that false facts raised in the context of any form of disciplinary hearing can be just as damaging to character and reputation.
*494 For this reason the fifth decretal paragraph of the order signed September 30, 1977 should remain unchanged.