In the Matter of BENJAMIN F. RAYSOR, JR., Petitioner, v GERALD STERN, as Administrator of the New York Commission on Judicial Conduct, et al., Respondents.

Fourth Department, July 13, 1979

## APPEARANCES OF COUNSEL

*Benjamin F. Raysor, Jr.,* petitioner *pro se.*

*Robert Abrams, Attorney-General (Eugene Panfil* of counsel), for Norman J. Wolf, Jr., and others, respondents.

*Lester C. Goodchild,* respondent *pro se.*

## OPINION OF THE COURT

*Per Curiam.*

This is a *pro se* CPLR article 78 proceeding initiated in this court, the sequel to our prior decision in *Raysor v Gabbey* (57 AD2d 437). In that habeas corpus proceeding, petitioner sought custody of Samantha Raysor, his 12-year-old daughter residing, now and since her mother's death six years ago, with her grandparents, respondent Arnold Gabbey and his wife Ruth. In our decision in that proceeding, we remanded the matter to Erie County Family Court for further investigation and determination of the custody issue. We specifically directed that a visitation program be established for petitioner and his daughter immediately. Petitioner has seen his daughter once since then. During the intervening two years, the Judge of Family Court (respondent MAZUR) has awarded custody to the Gabbeys and denied all visitation rights to petitioner, and the Surrogate (respondent REGAN) has denied petitioner's application to vacate letters of guardianship previously issued to Arnold Gabbey and discussed in our prior decision (see *Raysor v Gabbey, supra,* p 443). After these determinations, petitioner moved in Supreme Court (before respondent Justice WOLF) for a preliminary injunction staying enforcement of the Family Court and Surrogate's Court or-

ders, restoring his visitation rights and for other incidental relief. We are advised that direct appeals from the proceedings in all three counts are pending.

In this proceeding, petitioner seeks (1) relief by way of prohibition against the orders of Family and Surrogate's Courts alleging that the denial of custody and visitation violates his constitutional and civil rights, (2) relief by way of habeas corpus, and (3) a change of venue. He also seeks mandamus relief against various law enforcement and disciplinary agencies directing them to proceed against several participants in this litigation.

■ Prohibition is an extraordinary remedy available only when a court acts without or in excess of its jurisdiction. The proceeding may not be used to correct errors of law or as a substitute for a direct appeal *(Matter of State of New York v King,* 36 NY2d 59; *Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246). Petitioner's proper course is promptly to perfect his appeals *(Matter of Jagiello v Moran,* 40 AD2d 757). In so stating, we recognize, as appellant urges, that any termination of parental rights may raise serious constitutional questions (see *Stanley v Illinois,* 405 US 645; *Matter of Corey L v Martin L,* 45 NY2d 383, 392; *Matter of Goldman,* 41 NY2d 894, 895). Nevertheless, the matters raised by this litigation should be determined on a full record and not in a collateral proceeding.

Insofar as petitioner asks for other relief, we note (1) that the habeas corpus relief sought is identical to that already considered in Family Court and which is subject to review in the pending appeal, (2) petitioner's venue application is premature while that appeal is pending, and (3) we are not at liberty to grant relief in the proceedings against various disciplinary agencies and law enforcement personnel because their conduct involves discretionary judgments subject to only limited review by the courts (see *Matter of Harris v Warde,* 58 AD2d 51, 54; *Board of Educ. v Levitt,* 42 AD2d 372, 374; *Matter of Posner v Levitt,* 37 AD2d 331).

Finally, we would point out the discretionary aspect of prohibition relief (see *Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 579-580) and note that petitioner has failed to comply with Family Court's directions. Its determination of custody was made after petitioner failed to submit the psychiatric evaluations requested by it and suggested in our prior opinion. Family Court authorized pe-

titioner's examination by either a court-appointed expert or a doctor of his own choosing and when he failed to submit the evaluation requested, the court proceeded to decide the question of custody against him. Apparently, no effort has been made to correct that default and submit the psychiatric evaluation requested. Under these circumstances, we would not exercise our discretion and grant the relief requested even if the proceedings were otherwise appropriate (see *Lockwood v Jagiello,* 21 AD2d 852).

■ In dismissing the petition, we express our deep concern over the denial of visitation and we reiterate our earlier observation (see *Raysor v Gabbey* 57 AD2d 437, 443, *supra)* that a noncustodial parent has a right to visit his child under reasonable conditions which may not be taken from him except under extraordinary circumstances presenting an undue risk of emotional or physical injury to the child (see *Hotze v Hotze,* 57 AD2d 85, 87-88). The noncustodial parent's rights are not to be frustrated by the custodian (see *Matter of Jacqueline F.,* 47 NY2d 215), or denied him as a punitive measure. We recognize the inconvenience occasioned by petitioner's residence in New York City and also that the extended nature of this proceeding and the hostility between the parties have made visitation difficult. Trips to petitioner's apartment in New York may not be feasible at present and such contacts as father and child have may have to take place in a structured setting until petitioner and his daughter develop their relationship. The situation requires great patience and understanding on the part of all parties. There may have been evidence before Family Court which warranted the drastic order prohibiting visitation, but no danger is apparent after examining the extensive record before us, and petitioner should not be foreclosed from having Family Court re-evaluate that question while his appeals are pending.

DILLON, P. J., SIMONS, HANCOCK, JR., DOERR and MOULE, JJ., concur.

Petition unanimously dismissed, without costs.