In the Matter of ERNEST A. LOPENA, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

First Department, December 20, 1979

## APPEARANCES OF COUNSEL

*Kenneth E. Gordon* of counsel *(Gordon & Schechtman, P. C., and Sam Resnicoff,* attorneys), for appellant.

*Pamela Seider Dolgow* of counsel *(Ronald E. Sternberg* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for respondents.

**OPINION OF THE COURT**

SANDLER, J.

On May 6, 1977, the board of trustees of respondent New York City Employees' Retirement System retired petitioner, a transit employee, on ordinary disability. Interpreting this determination as a final order effectively denying petitioner's previously filed application for accident disability retirement, petitioner commenced this article 78 proceeding on August 4, 1977, seeking a judgment, *inter alia,* vacating the determination of the respondent Retirement System, and directing it to retire petitioner on accident disability benefits.

In their answer, respondents presented the affirmative defense that the proceeding was time-barred by the four months' Statute of Limitations set forth in CPLR 217. Respondents argued that the board of trustees did not consider petitioner's application for accident disability retirement on May 4, 1977, that petitioner had been informed by letters dated November 18, 1976 and again on December 10, 1976, that his application for accident disability retirement would not be processed, and that the proceeding was barred by petitioner's failure to seek review of that earlier determination within the four-month period.

Special Term sustained the defense and dismissed the petition as time-barred. We disagree, reverse the order, and remand for consideration on the merits.

The following facts are either undisputed or must be accepted as true for purposes of the issue presented.

On November 11, 1975, in the course of his duties, petitioner removed the remains of a body from subway tracks at the Flushing Avenue BMT station and took them to the morgue. The incident was duly reported. Petitioner, previously suffering from mild hypertension, underwent as a result of this incident a severe aggravation of his condition.

On August 13, 1976, the Transit Authority submitted an application in petitioner's behalf for ordinary disability retirement setting forth as grounds his inability to perform full duty due to "severe hypertension-superimposed anxiety state."

On September 2, 1976, petitioner applied for accident disability retirement pursuant to section B3-40.0 of the Administrative Code of the City of New York, basing his claim on the November 11, 1975 incident.

In a letter dated November 18, 1976, signed by the chief of

the medical division of the Retirement System, petitioner was informed that "your department has no record of an accident of this date, and therefore the Medical Board will not consider your claim and your application must be filed without action."

In a reply letter dated November 23, 1976, petitioner's lawyer asserted that "[t]his adverse determination is contrary to decisional law," cited authority for that claim, and requested that it be rescinded and the application for accident disability retirement be processed. The chief of the Retirement System's medical division responded in a letter dated December 10, 1976, which referred to her previous letter, and added that the rules of the office required verification of a record of "the alleged accident," that there was no such record on file, and that therefore "the application for accident disability retirement will continue to be filed without action."

Thereafter, as requested by the Retirement System, petitioner appeared before the medical board in connection with the request that he be retired on ordinary disability. The medical board found that he was incapacitated from the performance of duty by reason of hypertension and anxiety and recommended ordinary disability retirement. This culminated in the already described determination of the board of trustees on May 6, 1977, retiring petitioner on ordinary disability.

In a carefully detailed opinion, Special Term (FEIN, J.) observed that CPLR 217 in effect establishes two periods of limitations, one for a proceeding for relief in the nature of certiorari and the other for a proceeding in the nature of mandamus. It was noted that "certiorari seeks to review a final determination, whereas mandamus seeks to compel a body or officer to act or perform a duty enjoined by law." (See CPLR 7803.)

Special Term concluded that the review here sought was not in reality addressed to the determination of the board of trustees dated May 6, 1977, but rather to the earlier refusal of the Retirement System to process petitioner's application for accident disability retirement. Special Term accordingly held that petitioner's failure to seek timely review of that refusal by a proceeding in the nature of mandamus to compel the Retirement System to accept and consider the application barred these proceedings.

We agree that it would have been appropriate for petitioner, following receipt of the December 10 letter, to proceed by way

of mandamus for a judgment requiring the Retirement System to process his application. It does not, however, follow inexorably from this that the instant proceeding, seeking review of the determination of May 6, 1977, is time-barred.

The legal situation confronting petitioner following receipt of the December 10, 1976 letter, signed by the Retirement System's chief of its medical division, was by no means free from ambiguity. This letter, as was the earlier letter of November 18, 1976, was phrased in that kind of classic bureaucratic prose that seems carefully calculated to obscure meaning. Contrary to the apparent literal meaning of the words used, the Retirement System was not in fact filing the application "without action" because of an unfortunate failure to discover a particular report in the files of the transit system. What was apparently sought to be communicated was a legal judgment that the incident described, not involving any physical trauma to the petitioner, did not constitute an accident within the meaning and intent of the accident disability retirement statute.

The two letters do not disclose when this legal view had been adopted or by whom. Presumably it was based on a statutory interpretation, clearly one of importance, that had been adopted on some earlier occasion by the board of trustees, and the decision to file petitioner's application "without action" represented an administrative implementation of that interpretation.

Although, as indicated earlier, we agree that review by way of mandamus was then available to petitioner, we recognize that petitioner's counsel may reasonably have feared that such a proceeding would have been challenged as premature so long as the board of trustees had not finally adjudicated petitioner's retirement status. (Cf. *Matter of Martin v Ronan,* 44 NY2d 374.) Moreover, petitioner's counsel may have understandably doubted that an important legal interpretation of the section was appropriately challenged by a proceeding directed to an administrative refusal to process an application. (See CPLR 7803, subds 1, 3.)

We accept for purposes of this appeal that the board of trustees did not in fact at its decisive meeting consider or have before it in a meaningful way petitioner's application for accident disability retirement. The reality remains however that the application had been filed with the system and the failure to consider it was self-imposed. Clearly the board at all

times had the power to reconsider the judgment that had been previously communicated to petitioner, albeit in an obscure manner, by the medical division.

In short, the situation reflects precisely the kind of ambiguity that led the Court of Appeals to say in *Matter of Castaways Motel v Schuyler* (24 NY2d 120, 126-127): "In dealing with this dilatory defense the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court." (Cf. *Matter of Martin v Ronan, supra; Board of Educ. v Levitt,* 42 AD2d 372.)

Under all the circumstances we are satisfied that the determination of the board of trustees dated May 6, 1977, retiring petitioner on ordinary disability, may fairly be considered for purposes of CPLR 217 a final determination denying petitioner's previously filed application for accident disability benefits.

Accordingly, the judgment of the Supreme Court, New York County, Special Term (KIRSCHENBAUM, J., on decision of FEIN, J.), entered April 24, 1978, denying petitioner's application in this article 78 proceeding for review and vacatur of a determination of the New York City Employees' Retirement System, should be reversed, on the law, without costs, and remanded for further proceedings on the merits. The appeal from the order entered April 3, 1978, accordingly should be dismissed as academic.

KUPFERMAN, J. P., BIRNS and BLOOM, JJ., concur.

Order and judgment, Supreme Court, New York County, entered on April 3, 1978 and April 24, 1978, respectively, reversed, on the law, and vacated, without costs and without disbursements, and remanded for further proceedings on the merits. The appeal from the order entered April 3, 1978 is, accordingly, dismissed as academic, without costs and without disbursements.