■ In the Matter of JOHN STANZIALE, Respondent, v EXECUTIVE DEPARTMENT OF THE OFFICE OF GENERAL SERVICES et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioner to the position of laborer for the Office of General Services, the

appeal is from an order and judgment (one paper) of the Supreme Court, Kings County, dated April 25, 1979, which, *inter alia,* denied appellants' motion to dismiss the petition and directed petitioner's reinstatement. Order and judgment reversed, on the law, without costs or disbursements, motion to dismiss the petition granted, and petition dismissed. On October 30, 1975 petitioner was appointed a laborer-maintenance man by the Office of General Services (OGS). He was assigned to a State building in Brooklyn, at which the State Department of Labor had one of its offices. On January 9, 1976 petitioner was charged with wrongful conduct while on the job. He was again involved in allegedly wrongful conduct on July 22, 1977 when a female claimant came to the State Labor Department office in regard to unemployment compensation benefits. While Michael Kallin was interviewing the claimant about such benefits, petitioner approached him and asked for an introduction to the claimant. Kallin, who was embarrassed by this, was told by the claimant that she was not interested in making petitioner's acquaintance. Petitioner began to leave but, believing that the claimant was making fun of a scar condition on his neck, returned and directed hostile and profane remarks towards the claimant. As a result the claimant became visibly upset. Subsequently, calls were received at the office threatening petitioner's safety which necessitated his transfer to another building. By letter dated September 1, 1977, OGS informed petitioner that his services were being terminated because of the July 22, 1977 incident "in which [he] made unsolicited advances * * * [and] persisted in those advances when it should have been clear * * * that they were inappropriate." Petitioner commenced a CPLR article 78 proceeding seeking reinstatement to his position. OGS, in opposing relief to petitioner, pointed to the two incidents he had been involved in. Nevertheless, Special Term, by judgment dated April 4, 1978, directed that a hearing be held and that the penalty imposed on petitioner be reconsidered "in light of the findings that are produced by the hearing." Special Term held that due process required that petitioner be given an opportunity to refute the charges against him. Accordingly, a hearing was held after which the hearing officer issued an "Opinion And Award" in which he specifically exonerated the petitioner on the January 9, 1976 charge but held, with respect to the July 22, 1977 charge, that petitioner had engaged in improper and wrongful behavior. The hearing officer recommended that the penalty imposed on petitioner be limited to a suspension of six months without pay. However, the Commissioner of General Services declined to follow this recommendation and, in a decision dated September 20, 1978, determined that petitioner's services should be terminated. Petitioner then commenced the instant CPLR article 78 proceeding again seeking reinstatement to his position. Special Term found that the determination to dismiss petitioner was arbitrary and, in an order and judgment dated April 25, 1979, directed that petitioner be reinstated. We reverse. There is no dispute that petitioner was a nontenured employee and that his employment was not of sufficient duration to entitle him to the safeguards granted other employees under a collective bargaining agreement in the event of an attempt at termination. However, since the basis for petitioner's dismissal was of a stigmatizing nature he was entitled to a due process hearing (see *Board of Regents v Roth,* 408 US 564; *Matter of Miller v Loewenberg,* 75 AD2d 620; *Matter of Petrillo v Bates,* 56 AD2d 577; *Matter of Cohen v Department of Mental Hygiene of State of N. Y.,* 48 AD2d 697). Pursuant to Special Term's judgment dated April 4, 1978, petitioner was afforded such a hearing. That was the extent of the relief to which petitioner was entitled. When a nontenured employee is being termi-

nated courts will not interfere with the discretion of the appointing officer unless the complained of action was arbitrary and capricious *(Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Miller v Loewenberg, supra).* Applying that principle here it is clear beyond cavil that there was a rational basis for the commissioner's determination to dismiss petitioner. He had been involved in an incident which cast serious doubt about the advisability and suitability of his employment by OGS. Therefore, the decision to terminate him was neither arbitrary nor capricious and it did not evince a lack of good faith (cf. *Matter of Redman v New York City Tr. Auth.,* 14 AD2d 911; *Matter of Douglas v O'Grady,* 51 Misc 2d 518). Accordingly, we reverse the order and judgment appealed from and grant the motion to dismiss the petition. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.