■ In the Matter of DONNA LANCTO, Appellant, v SARANAC LAKE CENTRAL SCHOOL DISTRICT, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered October 7, 1983 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent dismissing her from employment as a school bus driver. ¶ In the case at bar, petitioner was employed for approximately three years as a school bus driver by respondent. During that period, complaints arose concerning the performance of her bus driving duties, such as the failure to adequately control student behavior, her operation of the bus in a manner inconsistent with student safety, and her inappropriate and disrespectful treatment of students. The complaints were investigated and meetings had with petitioner and management to remedy the situation. Finally, after problems had continued, petitioner was advised by letter dated March 4, 1982 from respondent's superintendent that her employment with respondent had been terminated by action of the Board of Education. The reason for her termination was stated as "your inability to control student behavior". ¶ Petitioner concededly was not entitled to a hearing under section 75 of the Civil Service Law. However, under article XXII of the collective bargaining agreement in effect, she could request a hearing before respondent's superintendent. This was to be a private hearing limited to the employee and representatives of her choosing. Respondent could have a supervisor and/or other representatives attend on its behalf. This article of the agreement also provided that the decision of the superintendent shall be final and not subject to arbitration. There was no provision for petitioner to have witnesses testify for her. The hearing was held. ¶ After the hearing was held, the superintendent informed petitioner of his decision to support the action taken by the Board of Education, and that he considered the matter closed and would make no further recommendation to the board. Petitioner then commenced this CPLR article 78 proceeding. After a court-ordered rehearing was held, Special Term found that the decision to terminate petitioner was not arbitrary or capricious and dismissed the petition. This appeal by petitioner ensued. ¶ The issue to be determined on this appeal is whether the decision to terminate petitioner was arbitrary and capricious and, as petitioner argues, without a "sound legal basis whatsoever". Petitioner was informed of the reasons for her termination and the record discloses that there was a rational basis for respondent's action. We conclude, therefore, that the decision to terminate her employment was not arbitrary or capricious, nor made in bad faith. An affirmance is required (see *Matter of Talamo v Murphy,* 38 NY2d 637, 639; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232; *Matter of Carter v Murphy,* 80 AD2d 960; *Matter of Stanziale v Executive Dept.,* 77 AD2d 600, 602, affd 55 NY2d 735). ¶ As a nontenured employee of respondent, petitioner was not entitled to a pretermination hearing, except for the limited hearing provided in article XXII of the collective bargaining agreement or unless she was stigmatized by the action of respondent and entitled to clear her name. She was granted the limited hearing called for in the agreement and she does

not argue on this appeal that she was entitled to a hearing to clear her name. That issue has been waived and is not reached. ¶ Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.