■ In the Matter of MARY L. GRANT, Respondent, v COMMUNITY SCHOOL DISTRICT 29 et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal is from so much of a judgment of the Supreme Court, Kings County (Scholnick, J.), dated September 19, 1983, as, upon granting the petition, remitted the matter to the Board of Education of the City School District of the City of New York (hereinafter the board of education) to determine the amount of line-of-duty disability payments due petitioner beginning on March 15, 1982.

Judgment reversed, insofar as appealed from, on the law, with costs, and that branch of the petition which seeks line-of-duty disability payments denied.

Petitioner Mary L. Grant was injured in the line of duty in October 1980. As a result of her injury she received line-of-duty disability pay through mid-September 1981. The medical director of Community School District 29 found her fit and ordered petitioner to return to work on September 17, 1981. Pursuant to the collective bargaining agreement covering petitioner, she demanded review by an independent medical arbitrator.

On January 12, 1982, the arbitrator determined that petitioner was unfit for duty as a typing teacher. However, he expressed the opinion that "she could perform full duties as another type of teacher which would not involve the use of the left arm and elbow as much as is necessary" as a typing teacher "as of February 1, 1982". Petitioner's line-of-duty disability leave was accordingly extended until February 1 and by letter dated February 4, 1982 the executive director of the board of education informed petitioner of the arbitrator's findings and asked her to contact an employee of the board for a new assignment.

The Community School District and the board of education attempted to implement the part of the decision that petitioner could serve as another type of teacher, which they essentially concede on appeal was made in excess of the arbitrator's authority, by ordering petitioner to accept a teaching assignment outside her license area, to begin March 16, 1982.

She refused to do so and instead applied to the New York City Teacher's Retirement System for accidental disability retirement benefits. It denied her application on May 14, 1982, apparently in reliance on the medical arbitrator's opinion that, while unfit for duty in her license area, she could perform full duty out of her license area. By letter dated May 17, 1982, petitioner was informed of that determination. Petitioner commenced this CPLR article 78 proceeding to review both the determination discontinuing her line-of-duty disability benefits and the denial of her application for accidental disability retirement benefits.

Special Term found for petitioner on the merits, dismissing appellant's Statute of Limitations defense. We disagree and hold the proceeding was time barred.

This proceeding was commenced on July 22, 1982. The issue of whether the branch of the proceeding which seeks review of the discontinuance of line-of-duty disability benefits is time barred turns upon when a final determination to that effect was made. Special Term relied upon *Matter of Lopena v New York City Employees' Retirement Sys.* (71 AD2d 377) to hold that the period of limitation began to run on May 17, 1982, the date upon which petitioner was informed that the New York City Teacher's Retirement System had denied her application for accident disability retirement benefits. *Lopena* is distinguishable. The two adverse determinations in *Lopena* were made by the same body, which retained power to reconsider the first determination; here, the two determinations were made by different bodies, totally independent of one another. In addition, the ambiguous phrasing of the first determination in *Lopena* is not present here; the denial of disability pay was unequivocally communicated to petitioner on five occasions between February 4, 1982 and March 16, 1982, in that she was ordered to commence a new work assignment. Even if the last of these communications is deemed to commence the period of limitation, and even if the four-month period for the bringing of a CPLR article 78 proceeding, rather than the 90-day period for the bringing of an application to vacate an arbitrator's award, is deemed to apply, the commencement of this proceeding on July 22, 1982 was untimely. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.