OPINION OF THE COURT
John A. K. Bradley, J.
This is a CPLR article 78 proceeding for an order setting aside a determination of the respondent Housing Authority that petitioner is ineligible for public housing. Respondent has moved to dismiss on the grounds that this proceeding was not brought within four months of the decision being challenged.
Petitioner applied for public housing in about March 1981. On August 4, 1982, having been told she was ineligible, petitioner sought the assistance of the Legal Aid Society, Community Law Offices, who have represented her ever since. On March 28, 1984, respondent’s applications review board denied petitioner’s application for reconsideration. On April 2, 1984, respondent notified petitioner by letter to petitioner personally. Petitioner denies receiving this letter. On May 4,1984, and again on May 17.1984, petitioner’s attorney wrote to respondent asking about the status of petitioner’s appeal. On June 19, 1984, respondent advised petitioner’s attorney that the applications review board has sustained respondent’s finding of ineligibility. On October 19.1984, petitioner, through her attorney, brought this proceeding.
*1053 Respondent is moving to dismiss for untimeliness. Petitioner opposes the motion asserting that the letter to her did not give clear notice that the determination was final and the letter to her attorney led him to believe the decision became final on June 19,1984.
The letter of April 2, 1984, after informing petitioner of the adverse decision, contained the following language: “If you have information that will shed new light on the finding of ineligibility, feel free to present it to the Applications Information Office at”. The quoted language creates an ambiguity as to whether the decision was final or whether there would be further review on receipt of new information. The courts should resolve any such ambiguity against the public body so as to reach a determination on the merits and not deny a party her day in court. (Board of Educ. v Levitt, 42 AD2d 372.)
On May 4 and May 17, 1984, petitioner’s attorney wrote letters to respondent. Each letter read as follows: “Please inform this office of the status of the above referenced appeal which we submitted on September 19, 1983.”
These letters, by inference, clearly informed respondent that petitioner’s attorney did not know of the letter of April 2, 1984. Nonetheless, respondent’s letter of June 19, 1984 made no mention of the April 2,1984 letter nor, more importantly, that a final decision had been made nearly three months earlier. Instead, the June 19, 1984 letter simply stated, in relevant part, “we have again reviewed this application and regret to inform you that our decision regarding her ineligibility was sustained by the Applications Review Board.” The wording of this letter, however intended, had the effect of misleading petitioner’s attorney so that he let the Statute of Limitations run. Under these circumstances, the doctrine of equitable estoppel will be applied. (Dupuis v Van Natten, 61 AD2d 293.)
The cross motion to dismiss is denied. The petitioner is directed to restore the petition to the Special Term, Part I Calendar on at least 20 days’ notice to respondent which may serve an answer to the petition.